OPINION
Defendant-appellant, Jeff Southerland, appeals two separate judgments of the Butler County Court of Common Pleas. Appellant appeals a judgment that found him to be a sexual predator and sentenced him for three convictions of gross sexual imposition. After appellant filed a notice of appeal, the trial court determined, on appellant's motion, that his sentences were invalid and resentenced him, but refused to redetermine his sexual predator classification. Appellant then filed an amended notice of appeal to include the second sentencing entry and the trial court's refusal to redetermine his sexual predator classification.
On March 18, 1998, appellant was indicted on ten counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third degree felony. The bill of particulars filed April 23, 1998, indicates appellant engaged in a continuing course of conduct from July 26, 1993 through February 27, 1998, whereby appellant made his daughter (born July 26, 1985) masturbate him and appellant fondled his daughter's vagina.
On September 17, 1998, appellant pled guilty to the first three counts of the indictment that occurred from July 26, 1993 through July 26, 1995, and the state dismissed counts four through ten. On December 15, 1998, the trial court held a sexual predator hearing pursuant to R.C. 2950.09(B)(1) and, at the sentencing hearing held on December 30, 1998, the trial court found appellant to be a sexual predator by clear and convincing evidence.
In its December 31, 1998 judgment of conviction entry, the trial court sentenced appellant to five years on count one, three years on count two, and two years on count three. The trial court imposed a fine of $5,000 on each count. All sentences were to run consecutively. In a December 31, 1998 sentencing addendum, the trial court adjudicated appellant to be a sexual predator. On January 20, 1999, appellant filed a notice of appeal from the December 31, 1998 sentences and adjudication as a sexual predator.
On February 24, 1999, while his appeal was pending in this court, appellant filed a motion to resentence and a motion for shock probation in the trial court, maintaining that he should have been sentenced under the sentencing statutes in effect at the time the crimes were committed, rather than the sentencing statutes as amended by Am.Sub.S.B. No. 2, effective July 1, 1996. On April 2, appellant made an oral motion requesting that the trial court redetermine his sexual predator status. The state agreed that the trial court should resentence appellant under the sentencing statutes of pre-Am.Sub.S.B. No. 2. However, the state opposed a redetermination of appellant's sexual predator status on the basis that the trial court had lost jurisdiction over that matter since appellant had filed a notice of appeal from the trial court's December 31, 1998 judgment.
The trial court held a hearing on April 14, 1999. At the hearing, the trial court denied appellant's motion to redetermine his sexual predator status and his motion for shock probation. By an April 15, 1999 amended judgment of conviction entry, the trial court resentenced appellant to three two-year terms in prison to be served concurrently, and imposed a fine of $5,000 as to count one. On May 11, 1999, appellant filed an amended notice of appeal in this court to include the April 15, 1999 amended judgment entry.
Appellant appeals his December 31, 1998 adjudication as a sexual predator and his April 15, 1999 judgment entry of conviction presenting three assignments of error:
Assignment of Error No. 1:
 THE COURT ERRED IN NOT MAKING A REDETERMINATION OF DEFENDANT'S SEXUAL PREDATOR STATUS.
Assignment of Error No. 2:
 THE COURT ERRED IN FINDING THE DEFENDANT TO BE A SEXUAL PREDATOR.
Assignment of Error No. 3:
 THE COURT ERRED IN IMPOSING A FINE IN ADDITION TO A PRISON SENTENCE.
For purposes of clarity, we will address appellant's assignments of error out of order.
In his second assignment of error, appellant argues that the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Gross sexual imposition is a sexually oriented offense. R.C. 2950.01(D)(1). Therefore, the issue at the sexual predator hearing was whether appellant is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 423-424, certiorari denied, (1999), __ U.S. ___, 119 S.Ct. 1122.
In making the determination as to whether an offender is a sexual predator, a judge must consider "all relevant factors," including the following ten factors set forth at R.C.2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
After reviewing the testimony and the evidence, and considering the factors found in R.C. 2950.09(B)(2), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2).
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." CincinnatiBar Ass'n. v. Massengale (1991), 58 Ohio St.3d 121, 122, quotingCross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it does not rise to the level of evidence "beyond a reasonable doubt." Id.
The clear and convincing standard does not require that a majority of the R.C. 2950.09(B)(2) factors apply before an offender can be classified as a sexual predator. State v. Fugate
(Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. The trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley, 1998 Ohio App. LEXIS 2744, at *5 (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported.
Appellant argues that the trial court erred by considering the victim's statement that she made to the Fairfield police. At the sexual predator hearing, appellant objected to admission of a Fairfield police report, which included the victim's statement. The police report was included in both the forensic report prepared by Dr. Bobbie Hopes, a psychologist with the Center for Forensic Psychiatry, and the presentence investigation report. In the police report, the victim stated that appellant had sexually abused her since she was three or four years old and that the abuse occurred three or four times a week for eight or nine years. The forensic report and the presentence investigation report were admitted into evidence without objection from appellant.
The Ohio Supreme Court has determined that the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings, and the trial court can rely upon hearsay evidence such as a presentence investigation report. Cook,83 Ohio St.3d at 425. See, also, State v. Stanifer (May 11, 1998), Butler App. No. CA97-11-206, unreported, at 5. We therefore find that the trial court properly considered the victim's statement.
Appellant further argues that the psychologist's finding of a moderate risk of recidivism does not justify his adjudication as a sexual predator. Hopes testified that appellant has a moderate risk of recidivism and appellant is more likely to re-offend if he does not receive treatment. Due to appellant's lack of remorse and failure to accept responsibility for his crimes, Hopes concluded in her report that in her professional opinion, appellant "is not amendable [sic] to specialized sex offender treatment and that his prognosis for successful rehabilitation through such treatment is poor." Hopes acknowledged that appellant, age thirty-six, had no prior criminal record.
In finding appellant to be a sexual predator, the trial court enumerated the factors that it considered under R.C.2950.09(B)(2). The trial court noted that there was only one victim, but the sexual abuse started when the victim was four years old and was part of a demonstrated pattern of abuse occurring for eight or nine years. The trial court further found that appellant is resistant to participating in sex offender programs and continues to blame his daughter for his behavior.
After thoroughly reviewing the record, we find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. SeeStanifer at 5. The second assignment of error is therefore overruled.
With respect to the first and third assignments of error, we find that the trial court lacked jurisdiction to resentence appellant and to rule on his motion to redetermine his sexual predator status on April 14, 1999, and these assignments of error are therefore moot.[1]
The Ohio Supreme Court has stated that "[w]hen a case is appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic Social Serv.of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146; see Yee v.Erie Cty. Sheriff Dept. (1990), 51 Ohio St.3d 43, 44. Once appellant perfected his appeal from his December 31, 1998 sentence and sexual predator classification on January 20, 1999, any action by the trial court on appellant's sentence or his sexual predator classification is inconsistent with this court's jurisdiction to reverse, modify, or affirm the judgments. Consequently, when the trial court, by its April 15, 1998 amended judgment entry of conviction resentenced appellant, it did so without jurisdiction and its judgment on this matter is void.
The December 31, 1998 sentences, while they were included in the January 20, 1999 notice of appeal, were not raised or briefed as an assignment of error. However, our review of the record reveals that the trial court committed plain error when it sentenced appellant for crimes committed July 26, 1993 through July 26, 1995 under the sentencing statutes as amended by Am.Sub. S.B. No. 2, effective July 1, 1996.[2] See Crim.R. 52(B).[3] The amended sentencing provisions of Senate Bill 2 apply only to crimes committed on or after July 1, 1996, the act's effective date. State v. Rush (1998), 83 Ohio St.3d 53, 58. We therefore vacate appellant's December 31, 1998 and April 15, 1999 sentences on three counts of gross sexual imposition.
We accordingly affirm appellant's sexual predator determination,[4] vacate the December 31, 1998 and April 15, 1999 sentences, and remand the case to the trial court with directions that appellant be sentenced under the sentencing statutes in effect prior to July 1, 1996, and that the judgment entry for sentencing reflect the appropriate statutory language and sections.
Judgment affirmed in part, vacated in part, and remanded to the trial court for resentencing.
POWELL, P.J., and YOUNG, J., concur.
[1] Our review of the record and docket reveals that appellant did not seek leave from this court to file his May 11, 1999 amended notice of appeal pursuant to App.R. 3(F) nor did this court grant appellant leave to file his amended notice of appeal. Therefore, we also find that appellant's first and third assignments of error were not properly brought before this court.
[2] In his January 20, 1999 notice of appeal, appellant appealed from the December 31, 1998 judgment entry of conviction and stated that his issues for review were his sentence and his classification as a sexual predator.
[3] Crim.R. 52(B) states: "Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
[4] While the December 31, 1998 judgment entry of conviction for appellant's sentences imposed for three convictions of gross sexual imposition is a nullity, we have found herein under the second assignment of error that the record supports the trial court's classification of appellant as a sexual predator and such classification shall stand affirmed.