This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Sigma Sales Co. (Sigma) appeals from a judgment of the Summit County Court of Common Pleas that denied its motions for default judgment and for relief from judgment pursuant to Civil Rule 60(A). We affirm.
 I.
This is appellant's second appeal of the judgment in this matter. The case involves a $99,000 cognovit promissory note that was signed in 1988, by Appellee dB Sales II, Inc. (dB) as part of a business buy-out agreement between dB and appellant Sigma. During the early 1980s, Herbert Spokane, through his corporation Sigma entered into a business arrangement with Bruce Finn, through Finn's corporation, BDD. Each man's corporation was a fifty percent shareholder of dB, a company that sold audio equipment as a manufacturer's representative. The specific details of the business arrangement are relevant only insofar as Spokane's Sigma was employed as a consulting firm by dB, and one of the primary goals of this arrangement was the avoidance of income tax liability for both Finn and Spokane.
In 1986 or 1987, dB lost its most lucrative account. Spokane and Finn, consequently, decided to dissolve their business relationship. As part of the dissolution, dB agreed to pay Sigma $99,000. On February 25, 1987, dB executed a cognovit note for $99,000, with monthly payments of $2,062.50 to commence January 25, 1988.
dB defaulted on the note in May of 1988, at which time a balance of $93,410.62 was still due. According to Finn's later testimony, he had discovered that Sigma had a significant amount of debts arising from personal expenses that Spokane had charged to the company. Finn, who contended that he had no prior knowledge that Spokane had been charging personal expenses to his company, believed that dB had been fraudulently induced to execute the cognovit note.
On September 15, 1995, Sigma brought this action against dB, attempting to collect the balance due on the note plus interest from May 1988. dB answered, raising numerous defenses including fraud. dB also filed a fraud counterclaim against Sigma and a third-party fraud claim against Spokane. The fraud defense and claims were based on allegations that Spokane had made false representations that dB owed Sigma a large sum of money and that Sigma and Spokane had no outstanding debts to dB. dB alleged that it had relied on these false representations when it executed the $99,000 note.
Sigma moved for summary judgment on all claims. The trial court granted Sigma and Spokane summary judgment on dB's fraud claims, concluding that these claims were barred by the statute of limitations. The case proceeded to trial on Sigma's claim on the cognovit note.
Following a bench trial, the trial court found that dB had failed to prove any viable defense to Sigma's claim on the note. The trial court, therefore, ordered that dB pay Sigma $200,232.81 plus ten percent interest from May 4, 1996. dB appealed this ruling and this Court affirmed the trial court in Sigma Sales Company v. dB Sales II, Inc.
(Sigma I) (May 27, 1998), Summit App. No. 18606, unreported.
No appeal was taken by either party. On June 8, 1998 Sigma filed a motion for default judgment and Motion for Relief from Judgment pursuant to Civ.R. 60(A) in the trial court. On February 12, 1999, a hearing was held on the same. On April 20, 1999, Sigma filed another motion for default judgment. On October 20, 1999, the trial court denied all three motions for lack of jurisdiction and on the basis of the law of the case. Sigma now appeals this ruling.
 II.
Sigma asserts four assignments of error on appeal. This Court will address all four assignments of error together.
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, AND TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT DECLARED THAT THIS APPELLATE COURT'S SPECIAL MANDATE AFFIRMING THE COURT'S JUDGMENT IN FAVOR OF THE PLAINTIFF-APPELLEE, AND AUTHORIZING EXECUTION THEREON, PREVENTED IT FROM ADJUDICATING PLAINTIFF'S POST REMAND MOTION FOR A DEFAULT JUDGMENT AGAINST THE OTHER NAMED CORPORATE DEFENDANT.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT, WHEN IT ERRONEOUSLY ASSUMED FROM THE COURT OF APPEAL'S DECISION THAT IT COULD NOT CONDUCT FURTHER PROCEEDINGS IN CONNECTION WITH THE JUDGMENT RENDERED IN FAVOR OF THE PLAINTIFF, SUCH AS (1) DETERMINING CLAIMS OF EVERY NATURE AS IDENTIFIED IN R.C. 1701.89(A)(3), AND/OR (2) REVEALING THE REINCARNATION OF JUDGMENT-DEBTOR.
 HAVING CURED THE DEFICIENCY IN ITS INITIAL FINAL ORDER "FOR DEALING WITH A SITUATION WHERE `SOME * * * DISTINCT BRANCH OF A CASE IS ADJUDICATED, BUT THE WHOLE CASE IS NOT DETERMINED", THE TRIAL COURT ABUSED ITS DESCRETION TO THE PREJUDICE OF THE PLAINTIFF WHEN IT DECLARED IN ITS ORDER OF OCTOBER 29, 1999 THAT IT DID NOT HAVE JURISDICTION TO EITHER GRANT OR DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND, THEREFORE, WOULD NOT GIVE APPROPRIATE CONSIDERATION TO DO SO.
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT EXPRESSLY REFUSED TO ADJUDICATE, ISSUE AN ORDER, OR OTHERWISE RULE UPON, PLAINTIFF'S "SUMMARY APPLICATION IN [ITS] ACTION AFTER JUDGMENT" DESPITE THIS APPELLATE COURT'S APP. RULE 27 SPECIAL MANDATE OF MAY 27, 1998, GRANTING TO THE TRIAL COURT, BY REMAND, ITS AUTHORITY AND JURISDICTION TO DO SO, ALL AS PROVIDED IN R.C. 2503.02(A)(2).
Appellant argues on appeal that the trial court erred in denying its Civ.R. 60(A) motion and determining it lacked jurisdiction to hear appellant's motions for default judgment.[1] This Court disagrees.
It is well settled law that "a trial court loses jurisdiction after an appeal except to take action in aid of an appeal or when a remand is ordered for a ruling on a pending motion; the trial court retains only that jurisdiction which is not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected." Univ. Carnegie Med. Parnters Assoc. v. ClevelandTherapy Ctr. (Oct. 15, 1992), Cuyahoga App. Nos. 61016 and 61463, unreported, citing Yee v. Erie County Sheriff's Dept. (1990),51 Ohio St.3d 43, 44.
"Although the trial court retains jurisdiction over issues not inconsistent with the appellate court to review, modify, affirm or reverse a judgment, it does not regain jurisdiction over matters" either raised on appeal or that could have been raised on appeal without a reversal and remand. Id. See, also, State ex rel. Dannaher v. Crawford
(1997), 78 Ohio St.3d 391, 394. Consequently, the trial court was without jurisdiction to rule on appellant Sigma's motion for default judgment.
Moreover, the trial court was prohibited from granting Sigma's 60(A) motion based on the "law of the case" doctrine. The "law of the case" doctrine provides that "the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. Under the doctrine of the law of the case, "an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case[,]" absent extraordinary circumstances, such as an intervening decision by the Supreme Court. Id. at 5. This rule is required "to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts[.]"Id. at 3.
A trial court "is bound to adhere to the appellate court's determination of the applicable law" and its mandates.[2] Id. In SigmaI, this Court affirmed the trial court's judgment ordering dB to pay Sigma $200,232.81 plus ten percent interest from May 4, 1996. Consequently, the trial court correctly denied Sigma's motions.
Assignments of error one through four are therefore overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., SLABY, J., CONCUR.
[1] In its October 29, 1999 entry, the trial court referred to Sigma's Motion for Relief from Judgment as being filed under Civil R. 60(B) when actually Sigma filed under Civil R. 60(A).
[2] Sigma challenged this Court's jurisdiction, in Sigma I by arguing that the trial court's 1992 order was not a final, appealable order. This Court rejected Sigma's argument and ruled on the merits of the appeal.