Weygandt, C. J.
 

 The complaint, of the petitioner is that the order of commitment entered by the Court of Common Pleas is invalid for the reason that that court was at that time wholly without jurisdiction to enter any order whatsoever in that case. Is this contention correct? The Court of Appeals held to the contrary.
 

 
 *433
 
 Although the instant case originated in the Court of Appeals and is an action for a writ of
 
 habeas corpus,
 
 the background of the controversy lies in a different action that was filed previously in the Court of Common Pleas. The petitioner in the instant case is the defendant in that action in which his wife seeks a divorce and alimony. As the defendant he filed an answer and cross-petition in which a third person was made a party defendant by reason of some alleged claim of interest in certain realty owned by the plaintiff and defendant. The plaintiff obtained a continuing order requiring the defendant to pay her temporary alimony in the sum of $35 per month. Later she filed a motion to strike from the defendant’s answer and cross-petition all portions thereof referring to the inclusion of the third person as a party defendant. This motion was overruled. Prom this overruling the plaintiff then filed in the Court of Common Pleas her written notice of appeal to the Court of Appeals on questions of law. Ten days thereafter the plaintiff changed her mind, and at her request but over the defendant’s objection the Court of Common Pleas entered an order permitting her to withdraw the notice of appeal she had filed in that court. However, on the following day the
 
 defendant
 
 nevertheless filed in the Court of Appeals a transcript of the docket and journal entries, and the case was there docketed.' Pour days later at the plaintiff’s request the Court of Appeals dismissed the matter. Then the defendant discontinued his monthly payments of alimony; and he was cited in the Court of Common Pleas for contempt for failure to comply with the continuing order. He was found guilty and committed to jail therefor. It was then that he filed the instant case in the Court of Appeals for the purpose of obtaining his release by means of a writ of
 
 habeas corpus.
 

 The petitioner’s theory is that the Court of Com
 
 *434
 
 mon Pleas lost all jurisdiction in the entire divorce and •alimony action when the notice of appeal on questions ■of law was filed for the single purpose of obtaining a review of the order overruling the motion to strike ■certain portions of the cross-petition, and that the lost .jurisdiction was not regained when the notice of appeal was withdrawn and the appeal dismissed by the Court of Appeals. Whether the ruling on the motion constitutes a final order is a question not raised by •counsel and hence not decided by this court.
 

 The first question presented is whether the Court of •Common Pleas was divested of all jurisdiction in the •case when the notice of appeal on questions of law was filed for the one purpose. In other words, did the filing •of the notice of appeal lodge the entire case in the Court of Appeals? Reliance is placed upon the provisions of Section 12223-4, General Code, which read ■in part as follows:
 

 “The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court, tribunal, officer or commission. * * * and no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional.”
 

 \ Plainly, when the written notice therefor was filed in the Court of Common Pleas the appeal was perfected as to the overruling of the plaintiff’s motion to strike. But did this necessarily have the further and incidental effect of likewise lodging the remaining phases of the case in the Court of Appeals? The trial ■court had not determined the substantive questions of •divorce or permanent alimony, and hence there was no judgment or order from which to appeal as to either •of these issues; nor was there an attempt to appeal from the order for temporary alimony. Clearly, therefore, it would seem that logically the main part of the case remained in the- trial court unless there is some provision of law that prohibits an appeal on questions of law as to a single phase of the controversy. In dis
 
 *435
 
 tinguishing between an appeal on questions of law and ■an appeal on questions of fact and law,, it is provided in Section 12223-1, General Code, that an appeal on questions of law ‘ ‘ shall be construed to mean a review of a cause upon questions of law including the weight ■and sufficiency of the evidence and shall include all the proceedings heretofore and otherwise designated in the General Code as proceedings in error.” The .general rule is summarized as follows in 4 Corpus Juris Secundum, 1094, Sections 608 and 609:
 

 “An appeal or writ of error, as a rule, does not stay further proceedings in the cause in reference to rights not passed upon or affected by the order or decree appealed from, but only such as affect the execution or ■operation of such order or decree; and under a statute so providing, the appeal arrests further proceedings ■only as to matter embraced in the judgment appealed from. Where only a part of a judgment or decree is •appealed from, the remainder is unaffected and may be enforced, and if the appeal from the particular order or judgment does not bring the entire cause into the appellate court, but only sufficient of the record lo present the question as ■ to the propriety of the particular order or judgment, further proceedings in the conduct of the cause may properly be had in the lower court.
 

 “*
 
 *
 
 * An appeal from an order upon a motion brings up only the motion together with copies of the papers on which it is founded, but does not bring up the action.”
 

 Likewise, in 2 Ohio Jurisprudence, 376, Section 319, ■appears the following statement:
 

 “While an appeal under the system which prevails in Ohio removes the cause and gives exclusive jurisdiction to the appellate court a petition in error does not bring the whole case before the reviewing court, but •only the order or judgment which is complained of, .and leaves in the court below all jurisdiction in the-
 
 *436
 
 cause not inconsistent with the power to reverse, vacate or modify the final order or judgment in which error is alleged. The filing of a petition in error and the execution of an undertaking for stay of execution do not discharge interlocutory orders made for the preservation of property or the protection of the interests of parties, during the pendency of the litigation, and the jurisdiction to make such orders during the pendency of the proceedings in error remains in the court below.” • '
 

 Then, in the syllabus in the case of
 
 Goode
 
 v. Wiggins, 12 Ohio St., 341, this court said:
 

 “The petition in error does not bring the whole cause before the appellate court, but only the order or judgment which is complained of, and leaves in the court below all jurisdiction in the .cause not inconsistent with the power to reverse, vacate or modify the final order or judgment in which error is alleged.”
 

 Therefore it would seem clear that the Court of Common Pleas was at no time divested of its jurisdiction as to any part of the case except the motion to strike, which was the only phase of the case appealed. Under the continuing order for temporary alimony the defendant was required to make monthly payments, and that court retained its jurisdiction to punish him for failure to comply. The Court of Appeals was correct in denying his petition fo.r a writ of
 
 habeas corpus.
 

 The foregoing conclusion being decisive of the instant case, the remaining questions discussed in the briefs of counsel are not reached, and it becomes unnecessary to consider them.
 

 The judgment of the Court of Appeals refusing a writ of
 
 habeas corpus
 
 must be affirmed.
 

 Jibdgment■ affirmed.
 

 Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.