YEE, APPELLANT, *v.* ERIE COUNTY SHERIFF'S DEPARTMENT ET AL., APPELLEES.

[Cite as Yee *v.* Erie Cty. Sheriff's Dept. (1990), 51 Ohio St. 3d 43.]

(No. 89-1907—Submitted March 27, 1990—Decided May 9, 1990.)

*K. Ronald Bailey & ·Assoc. Co., L.P.A.*, and *K. Ronald Bailey,* for appellant.

*Gary A. Lickfelt,* assistant prosecuting attorney, for appellee Erie County Sheriff.

*Secor, Ide & Callahan* and *John J. Callahan,* for appellee Erie County Court of Common Pleas.

*Per Curiam.* Although our reasoning differs from that employed by the court of appeals, we agree with that court that Yee is not entitled to the extraordinary writ of procedendo. We therefore affirm.

## I

Believing that the common pleas court had no jurisdiction in Yee's case during the pendency of the state's appeal, the court of appeals refused to order the common pleas court to rule on Yee's motions. This rationale presents us with the question: Does the pendency of an interlocutory appeal deprive a trial court of jurisdiction to rule on motions pending before it, which motions are not the subject of the appeal?

When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment. *In re Kurtzhalz* (1943), 141 Ohio St. 432, 25 O.O. 574, 48 N.E. 2d 657, paragraph two of the syllabus. According to the appellate court's opinion, the state's appeal had nothing to do with the motions; instead, it dealt with the trial court's refusal to grant continuance past August 9. Therefore, had the common pleas court ruled on these motions, it would not have been acting inconsistently with the court of appeals' jurisdiction to reverse, affirm, or modify the trial court's order refusing the continuance.

Indeed, the court of appeals itself recognized that its own jurisdiction over the appeal and the common pleas court's jurisdiction over the motions were not in conflict. Even while holding that the pendency of the appeal deprived the common pleas court of jurisdiction, the court of appeals said: "However, this does not preclude the [common pleas] court from * * * ruling on relator's pre-trial motions." We agree with this statement. We therefore hold that the common pleas court had jurisdiction to rule on Yee's motions.

## II

A writ of procedendo will issue to vindicate a relator's clear legal right to have a lawsuit litigated without "undue delay." *State, ex rel. Brown,* v. *Shoemaker* (1988), 38 Ohio St. 3d 344, 345, 528 N.E. 2d 188, 190; *State, ex rel.*

*Wallace,* v. *Tyack* (1984), 13 Ohio St. 3d 4, 6, 13 OBR 379, 381, 469 N.E. 2d 844, 847; *State, ex rel. Turpin,* v. *Court of Common Pleas of Stark Cty.* (1966), 8 Ohio St. 2d 1, 37 O.O. 2d 40, 220 N.E. 2d 670. Having rejected the court of appeals' rationale for its decision, we must reach the question whether Yee's right to be tried without "undue delay" has been violated.

The record shows that over twenty motions were pending before the common pleas court when this action was filed. (In his reply brief, Yee states that "some fifty to sixty" motions are now pending.) Since the record does not indicate the subject matter of the pending motions (except two motions to dismiss), we are hardly in a position to hold that the common pleas court has had adequate time to rule.

Moreover, some of Yee's motions may require evidentiary hearings. Until Yee has been tried and sentenced by the federal court, he cannot be present at any hearings conducted by the state court, because "return during such period would not occur." 2 LaFave & Israel, Criminal Procedure (1984) 419, Section 18.4.[1] But to hold such hearings *in absentia* might violate his "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky* v. *Stincer* (1987), 482 U.S. 730, 745. Thus, the delay in ruling on Yee's motions may well be justified by the common pleas court's inability to order him into court. We cannot say with any assurance that the hearings would not be critical to the outcome of the criminal proceeding, nor that Yee's presence would not contribute to the fairness of the procedure, for Yee has offered no evidence as to what his motions are all about.

Yee alleges that he "may well" be forced to go to trial before his motions have been ruled upon, or, alternatively, that the trial date may come so soon after the motion rulings that he will have inadequate time to prepare his defense. Both allegations are wholly speculative.

On this record, Yee has simply failed to show, as is his burden in this procedendo action, that his clear legal right to have his criminal case litigated without undue delay has been or is being violated. Therefore, although for reasons other than those given by the court of appeals, that court's judgment as to appellee Erie County Court of Common Pleas is affirmed.

### III

We must also affirm the judgment of the court of appeals as to appellee Erie County Sheriff. "The writ of *procedendo* is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment." *State, ex rel. Davey,* v. *Owen* (1937), 133 Ohio St. 96, 106, 10 O.O. 102, 106, 12 N.E. 2d 144, 149. Obviously, a writ of procedendo cannot lie against a sheriff.

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[1] Indeed, according to the answer of the court of common pleas, the federal court ordered the United States Marshal not to honor a writ of habeas corpus *ad prosequendam* issued by the common pleas court until the federal prosecution was over.