The STATE of Ohio et al., Appellees,

v.

HALE et al.; Ellis et al., Appellants.

[Cite as *State v. Hale* (1992), 83 Ohio App.3d 310.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–630.

Decided Oct. 22, 1992.

*Lee I. Fisher,* Attorney General, *Nancy J. Miller* and *Nancy Johnston,* Assistant Attorneys General, for appellees.

*Liggett Pelanda Co., L.P.A.,* and *Kevin Pelanda,* for appellants.

McCormac, Judge.

Anna C. Ellis and Alyce Lucas, defendants-appellants, appeal the denial by the Ohio Court of Claims of their motion for relief from judgment. They assert the following assignments of error:

"First Assignment of Error

"The trial court erred in overruling appellants' motion for relief from judgment where the evidence showed that the trial judge was not impartial.

"Second Assignment of Error

"The trial court erred in considering evidence taken at a hearing conducted on a motion for relief from judgment under Civil Rule 60(B) when the court lacked jurisdiction due to the pendency of an appeal from said judgment."

The state of Ohio brought an action against appellants Ellis and Lucas, together with others, for excessive compensation paid to them as members of the Ohio Civil Rights Commission. While the case was pending in the Court of Claims, one of the parties filed a motion for judgment on the pleadings for failure to join the state auditor as an indispensable party-defendant. By order of December 19, 1988, the court overruled the motion. Subsequently, the Court of Claims granted the state of Ohio's motion for summary judgment against

appellants. On March 14, 1990, this court affirmed the judgments against Ellis and Lucas, the two appellants herein. An appeal was taken to the Ohio Supreme Court from our judgment. While that appeal was pending on June 2, 1990, within one year of the June 29, 1989 date that the Court of Claims decided the case, appellants filed a motion for relief from judgment, alleging newly discovered evidence and other circumstances justifying relief from judgment. On May 29, 1991, the Ohio Supreme Court affirmed the judgments against Ellis and Lucas, finding that there was an absolute right to recover funds disbursed in excess of the statutory allowance. *State v. Hale* (1991), 60 Ohio St.3d 62, 573 N.E.2d 46. The Supreme Court found that, as a matter of law, appellants were overpaid, rejecting the contention that principles of equity and justice should apply to prevent recovery since it was clear that appellants were not legally entitled to the compensation. The Supreme Court found that no material facts were in dispute and that the state and the Attorney General were proper party-plaintiffs.

The basis of the motion for relief from judgment was that Judge Leach, who rendered the summary judgment and the earlier 1988 judgment denying defendants-appellants' attempt to make the state auditor a party to the action, became aware on June 9, 1989, as a result of an article in the Columbus Dispatch, that he was potentially subject to audit by the state auditor for activities that he had engaged in on behalf of the Rickenbacker Port Authority and that, therefore, as a matter of law, he was not an impartial judge. The Court of Claims received evidence in regard to the motion for relief from judgment. Judge Leach testified that, when he rendered the judgment, he did not even think about the possibility of the auditor investigating him nor was it a factor in his decision. Appellants argue that, even if that were the case, the judgment is still fatally tainted because the constitutional requisite of not only a fair, but also an impartial, judge was violated. They argue that the remedy is not to require proof that the lack of impartiality affected the decision that was rendered but that the fact of partiality, whether recognized or not, is sufficient. Appellants rely upon case law, stating that it is a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution to deprive parties to a lawsuit of their property when the judge has a direct, personal, substantial and pecuniary interest in rendering judgment in favor of the other party. *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749. They argue that Judge Leach had a personal interest in avoiding the possible investigation of his activities by the auditor, who potentially may have brought charges against him.

■ Appellants' contention that their constitutional right to an impartial judge was violated is without merit. When Judge Leach ruled that the auditor could not be made a party to the proceeding, he had no knowledge that the auditor had any reason to investigate him. Appellants concede that all state judges may

potentially be subject to audit by the state auditor but that the potential of being subject to his audit is insufficient to render them partial to the auditor. However, appellants rely upon an article in the Columbus Dispatch written shortly before the summary judgment was rendered that they claim gave Judge Leach specific notice that he might be subject to an audit for an identified circumstance. However, at that time, the issue of the state auditor becoming a party had been disposed of by the court. The summary judgment that was rendered did not affect the status of the auditor who was no longer a party to the action. Even though the earlier determination was interlocutory for purposes of appeal, the law of the case was that the auditor was not a party; there was no reason for Judge Leach to consider his status in regard to the auditor at the time of the summary judgment, which did not directly affect the auditor. Furthermore, any judge deciding the matter would have either rendered the same decision or have been reversed by the Ohio Supreme Court if they had not done so. The Ohio Supreme Court stated that the judgment was rendered as a matter of law, there being no factual dispute. The Supreme Court also stated that the Attorney General and the state of Ohio were the proper parties.

Appellants' first assignment of error is overruled.

Appellants contend in their second assignment of error that the Court of Claims lacked jurisdiction to decide the motion for relief from judgment under Civ.R. 60(B) due to the pendency of an appeal to the Ohio Supreme Court from the judgment. That assignment of error is overruled for two reasons. First, the trial court retains all jurisdiction not inconsistent with the appellate court's jurisdiction to reverse, modify or affirm the judgment. See *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Second, even if the ruling on the motion for relief from judgment was premature, it would be an exercise in futility to remand the case for further procedure since the same result would pertain as a matter of law.

Appellants' second assignment of error is overruled.

Appellants' assignments of error are overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and DESHLER, JJ., concur.