DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Keith LaMar appeals the judgment of the Lawrence County Court of Common Pleas, which denied appellant's motion for leave to file motion for new trial. Appellant argues that the trial court lacked jurisdiction to rule on the motion because his direct appeal was pending before the Supreme Court of Ohio. In the alternative, appellant argues that the trial court erred by denying his motion.
 {¶ 2} For the following reasons, we find appellant's arguments to be without merit and affirm the judgment of the trial court.
 I. Appellant's Motion and the Trial Court's Ruling {¶ 3} In June 1995, Defendant-Appellant Keith LaMar was convicted of nine counts of aggravated murder stemming from his actions during the 1993 riot at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. (See our decision in State v. Lamar (Aug. 13, 1998), Lawrence App. No. 95CA31, unreported, for further details regarding the facts and circumstances surrounding appellant's criminal convictions.) He was subsequently sentenced to death on seven of those counts. In August 1998, this Court affirmed appellant's convictions and sentences. SeeLaMar, supra.
 {¶ 4} Appellant filed a direct appeal of our decision with the Supreme Court of Ohio. Evidently, that appeal is still pending.
 {¶ 5} One of the individuals appellant was convicted of murdering was William Svette, a sixty-nine-year-old fellow inmate at the SOCF.
 {¶ 6} Eric Girdy, a former inmate at SOCF, was also involved in the death of Svette. In December 1999, Girdy apparently wrote a letter to a former fellow inmate at the Lucasville facility, Ronald A. Anderson. In this letter, Girdy stated that, "My entire situation is political, due to the fact that I played a part in killing that old Italian dude in the riot." Anderson forwarded a copy of Girdy's letter to appellant in September 2000.
 {¶ 7} On December 6, 2000, appellant filed a "Motion for Leave to File Motion for New Trial Pursuant to Criminal Rule 33(A) and (B)." Attached to the motion were affidavits from Anderson and appellant. A copy of Girdy's letter was also included.
 {¶ 8} In his affidavit, Anderson confirmed that the letter was from Girdy, that the statement "old Italian dude" was a reference to Svette, and that Anderson first gave a copy of the letter to appellant in September 2000. In his own affidavit, appellant stated that he did not know of Girdy's letter until September 2000. He also stated that the terms "old Italian dude" were a reference to Svette.
 {¶ 9} In the motion, appellant sought leave to file a motion for a new trial based on newly discovered evidence, which appellant was unavoidably prevented from discovering within one hundred twenty days of the rendering of a verdict in appellant's case. Appellant, in his motion, characterized the statement from Girdy's letter as an admission by Girdy that Girdy killed Svette.
 {¶ 10} The state filed a response to appellant's motion. In its response, the state argued that the letter written by Girdy contained no new evidence, as the state's theory on Svette's death was that multiple inmates participated in his murder. The state further argued that appellant was aware of Girdy's involvement in Svette's death during appellant's original trial in 1995. Accordingly, the state urged the court to deny appellant leave to file the motion for new trial.
 {¶ 11} On April 3, 2001, the trial court held a hearing on appellant's motion. At that hearing, appellant argued to the court that although he was required to bring the motion for leave to file at that time, or waive his right to file the motion at all, the trial court was without jurisdiction to rule on the motion since appellant's direct appeal to the Supreme Court of Ohio was still pending.
 {¶ 12} The state presented five exhibits at that hearing, including a copy of a portion of this Court's decision in State v.LaMar, supra. The remaining four exhibits were copies of the following documents, which were a part of the record created in the original trial court proceedings in 1994 and 1995: (1) the "State's Response To Defendant's Demand For Discovery"; (2) the bill of particulars; (3) the supplemental bill of particulars; and (4) a portion of a transcript of a pre-trial hearing. Appellant conceded to the accuracy of the documents.
 {¶ 13} At the conclusion of this hearing, the trial court ruled in favor of the state and denied appellant's motion. This oral pronouncement was journalized in an entry filed April 24, 2001.
 II. The Appeal {¶ 14} Appellant timely filed his notice of appeal and presents the following assignments of error for our review.
 {¶ 15} First Assignment of Error: The trial court lacked jurisdiction to rule on the motion for leave to file a motion for new trial.
 {¶ 16} Second Assignment of Error: The trial court erred and abused its discretion in failing to grant appellant leave to file a motion for new trial.
 A. Crim.R. 33 {¶ 17} Crim.R. 33(A) states that a new trial may be granted when new evidence "material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial." Crim.R. 33(A)(6).
 {¶ 18} Crim.R. 33(B) provides that a motion for new trial on the ground of newly discovered evidence must be filed within one hundred twenty days after the verdict was rendered. A delayed motion seeking leave to file for a new trial on this basis may be filed, but in order to prevail, the defendant must show, "by clear and convincing proof," that he or she was "unavoidably prevented from discovery of the evidence" within the one-hundred-twenty-day period. Crim.R. 33(B). If a trial court finds that a defendant was "unavoidably prevented" from discovering the new evidence, Crim.R. 33(B) provides that the motion for new trial "shall be filed within seven days from the order of the court" finding that the defendant was "unavoidably prevented" from filing his motion with the one-hundred-twenty-day period.
 {¶ 19} "In this regard, Crim.R. 33(B) contemplates a bifurcated procedure: (1) a motion for leave to file a delayed motion for new trial supported by evidence demonstrating that the movant was unavoidably prevented from ascertaining the ground sought to be asserted by way of motion for new trial within [one hundred twenty] days after the rendering of the verdict; and (2) if the motion be granted, the filing within seven days of the actual motion for new trial properly supported by affidavit demonstrating the existence of the grounds for the motion pursuant to Crim.R. 33(C)." State v. Walden (1984), 19 Ohio App.3d 141, 146,483 N.E.2d 859, 865; see, also, State v. Pinkerman (1993),88 Ohio App.3d 158, 623 N.E.2d 643; State v. Hunt (June 11, 1986), Scioto App. No. 1553, unreported.
 {¶ 20} With this legal framework properly established, we now address appellant's assignments of error.
 B. Jurisdiction {¶ 21} In his First Assignment of Error, appellant argues that the trial court lacked jurisdiction to rule on appellant's motion for leave to file a motion for new trial.[2] In so arguing, appellant relies heavily on this Court's decision in State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141.
 {¶ 22} In State v. Williams, the defendant appealed his conviction and sentence to this Court. After filing his appeal, the defendant then filed a motion for new trial with the trial court. This Court noted:
 {¶ 23} "The general rule is that when an appeal is taken, the trial court is divested of jurisdiction, except to take action in aid of the appeal. The trial court however does retain jurisdiction over issues not inconsistent with the power and jurisdiction of the appeal court to review, affirm, modify or reverse." State v. Williams,86 Ohio App.3d at 40, 619 N.E.2d at 1143 (citations omitted).
 {¶ 24} Based on the foregoing principles, this Court held that the judgment entry convicting and sentencing the defendant was a final appealable order. Accordingly, we also held that once the defendant had filed his notice of appeal, the trial court lacked jurisdiction to consider the motion for new trial, because to do so would interfere with the appellate court's jurisdiction, since granting the motion would obviate the appeal. See Williams, supra.
 {¶ 25} In the case sub judice, we are not presented with a motion for new trial, but a motion seeking leave to file a motion for new trial. This distinction is an important one because granting leave to file a motion for new trial does not obviate the appeal that is currently pending before the Supreme Court of Ohio. See State ex rel. SpecialProsecutors v. Judges (1978), 55 Ohio St.2d 94, 97, 378 N.E.2d 162, 164;Howard v. Catholic Social Servs. (1994), 70 Ohio St.3d 141, 145,637 N.E.2d 890, 895 (holding that, "[w]hen a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment."); see, also, Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44,553 N.E.2d 1354, 1355; In re Kurtzhalz (1943), 141 Ohio St. 432,48 N.E.2d 657, paragraph two of the syllabus.
 {¶ 26} Thus, we find that the trial court was indeed possessed of the requisite jurisdiction to rule on appellant's motion for leave to file a motion for new trial.
 {¶ 27} Accordingly, appellant's First Assignment of Error is overruled.
 C. Leave to File a Motion for New Trial {¶ 28} In his Second Assignment of Error, appellant argues that the trial court abused its discretion by denying appellant leave to file a motion for new trial.
 {¶ 29} Appellant is correct in his assertion that the granting or denying of leave to file a motion for new trial lies within the sound discretion of the trial court. See State v. Pinkerman,88 Ohio App.3d at 160, 623 N.E.2d at 644. Accordingly, absent an abuse of discretion, we will not interfere with a trial court's judgment which grants or denies a defendant leave to file a delayed motion for new trial. See id. "The term `abuse of discretion' `* * * connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v. Montgomery (1991), 61 Ohio St.3d 410, 413,575 N.E.2d 167, 171, quoting State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, 149.
 {¶ 30} In denying appellant leave to file his delayed motion for new trial, the trial court evidently agreed with the state's assertion that the letter by Girdy did not contain any new evidence. In doing so, the trial court stated that it had reviewed the state's exhibits, which were admitted at the hearing on appellant's motion.
 {¶ 31} Those documents show that during the time appellant's case and trial were pending before the trial court, appellant was distinctly aware of the fact that Eric Girdy was involved in the murder of Svette. Appellant stated at the hearing that he had no objection to the admission of the documents presented by the state. Also, appellant admitted at the hearing that during his trial he was aware of Girdy's involvement in the murder, but that the letter increased the strength of his evidence to prove that Girdy, and not appellant, had killed Svette. Furthermore, Girdy's statement in the letter, acknowledging his involvement in the murder does not amount to an admission or confession that Girdy, and not appellant, murdered Svette.
 {¶ 32} Based on the foregoing, it is apparent that the letter, while obviously acquired by LaMar subsequent to his trial, contains no new evidence or information not known by appellant during the course of his trial.
 {¶ 33} Accordingly, we cannot find that the trial court abused its discretion by denying appellant leave to file a delayed motion for new trial. Therefore, appellant's Second Assignment of Error is overruled.
 {¶ 34} The judgment of the trial court is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignment of Error II; Concurs in Judgment Only as to Assignment of Error I.
Abele, P.J.: Concurs in Judgment Only.
[2] We note that appellant states that he filed his motion despite the alleged jurisdictional limitation, in order to preserve the nature of the newly discovered evidence (i.e., the evidence's "newness"). But cf. Statev. Pinkerman, 88 Ohio App.3d 158, 623 N.E.2d 643 (holding that "Crim.R. 33(B) does not provide a time limit for the filing of a motion for leave to file a delayed motion for new trial.").