OPINION
{¶ 1} Eugene Collins appeals from an order of the Montgomery County Court of Common Pleas, which overruled his motion, titled "Motion to Transfer, Motion for Relief from Judgment, Supplemental Complaint, and/or New Complaint."
 {¶ 2} The factual circumstances giving rise to this appeal are as follows.
 {¶ 3} National City Bank ("National City") was the depository of monies held by Dayton Title Agency, Inc., ("DTA") in an escrow account. DTA deposited several checks — totaling $5 million — that had been forged by a real estate broker, Krishan Chari. DTA then directed National City to issue two checks drawn on the escrow account on the provisional credit of those forged checks. Those two checks, totaling $4.885 million, were issued to the White Family Companies ("WFC") and Nelson D. Wenrick ("Wenrick"). Shortly after National City had issued and honored the two DTA checks, it learned that the checks deposited by DTA had been forged. By that time, DTA's escrow account had been drained of funds. The account had contained funds owed by DTA to Collins that were generated by a sale of real property. DTA was forced to file bankruptcy.
 {¶ 4} Collins and a number of other individuals/entities who had suffered similar losses were unable to recover on their claims in the bankruptcy proceeding. On March 30, 2001, Collins filed a class action lawsuit against National City and various John or Jane Does, seeking to recover those funds from the bank. The complaint alleged eleven claims for relief, to wit: breach of fiduciary duty, fraudulent transfer, conversion, negligence/recklessness, civil conspiracy, civil aiding and abetting, interference with business relationship and contract, common law fraud, civil RICO, violations of R.C. 1127.01 and R.C. 1127.08 with respect to banking activities, and a violation of R.C. 2307.60. National City responded by filing a motion to dismiss, pursuant to Civ.R. 12(B)(6), and a motion to strike Collins's pleadings.
 {¶ 5} On March 26, 2003, the court granted the motion to dismiss. Collins filed a timely notice of appeal. On December 19, 2003, we affirmed the dismissal. See Collins v. National City Bank, Montgomery App. No. 19884, 2003-Ohio-6893 ("Collins I"). On May 12, 2004, the supreme court declined to accept Collins's case for review.
 {¶ 6} Shortly after Collins's claims against National City had been dismissed by the trial court, the court in DTA's bankruptcy action addressed whether the money transferred to WFC and Wenrick from DTA's trust account was money held in express trust for others or was DTA's property. See Dayton Title Agency, Inc. v. The White Family Cos. (Bankr. S.D. Ohio 2003), 292 B.R. 857. The court concluded that National City's provisional loan of $4,142,151.38 to DTA (i.e., the checking account overdraft) was property of the estate and that DTA had the power to recover those assets as fraudulent transfers. Id. at 872. It was undisputed that $722,101.49 of the $742,848.62 which existed in the trust account at the time of the transfers to WFC and Wenrick were third party funds held by DTA in trust. Id. at 869-70. Because these funds were held in trust, DTA lacked the authority to recover those funds as fraudulent transfers. (The court also found that a genuine issue of material fact existed as to the ownership of $20,747.13 that existed in the account at the time of the transfer to WFC and Wenrick.) As to the funds held in trust, the bankruptcy court noted that "the more than thirty (30) third party beneficiaries, who are claimants in Dayton Title's bankruptcy, are not without remedy. As noted in [Stevenson v. J.C. Bradford Co. (In reCannon) (C.A.6 2002), 277 F.3d 838], the beneficiaries of funds held in an escrow account may pursue their own cause of action against Defendants WFC and Wenrick in state court. 277 F.3d at 856. Although the overall effect of requiring these thirty (30) or more beneficiaries to pursue their own causes of action in state court creates a multiplicity of suits, this result is necessitated by Cannon and the limits of the bankruptcy court's authority." In re Dayton Title Agency, 292 B.R. at 870, n. 5.
 {¶ 7} Consequently, on July 16, 2003, a class action lawsuit was filed in the Montgomery County Court of Common Pleas against National City, WFC, and Wenrick (as a necessary party). Dice v. National City Bank,
Montgomery Case No. 03-CV-4967. The named class representatives were Janice E. Dice and Thelma Hinders. National City and WFC both filed motions to dismiss the class action lawsuit. On January 12, 2004, the trial court granted National City's motion, relying upon Collins I. On the same date, the court overruled WFC's motion to dismiss. As part of its decision, the court ordered Dice and Hinders to file any claim they may have against Wenrick by February 2, 2004. On January 23, 2004, Dice and Hinders sought leave to file an amended complaint which brought claims against Wenrick but also included Collins as a named plaintiff and brought claims against Timothy White individually. The defendants filed a motion to strike the amended complaint. On March 30, 2004, the trial court overruled the motion for leave to file the amended complaint and sustained the defendants' motion to strike, reasoning (1) that the addition of Collins had not been permitted by the court, and (2) that Collins had already filed an action against National City and his claims "have been raised in an independent action."
 {¶ 8} After Collins was denied permission to join Dice's and Hinders' action, Collins filed a motion in this action (Montgomery Case No. 01-CV-1641), titled a motion to transfer, motion for relief from judgment, supplemental complaint, and/or new complaint. In his motion, Collins stated:
 {¶ 9} "Importantly, [the court in Dice's and Hinders' action did] not dismiss Mr. Collins's claims against WFC and Wenrick, but merely states that those claims should properly be part of the instant case. * * *
 {¶ 10} "The reason for the filing of this pleading at this time * * * is to assure that this Court has the opportunity to consider Mr. Collins's claims against WFC and Wenrick as either an original complaint pursuant to Civ.R. 8, a supplemental complaint pursuant to Civ.R.15, a transfer pursuant to the local rules or a motion for relief from judgment pursuant to Civ.R. 60(B) and in light of the decisions of [the bankruptcy court and the judge in Case No. 03-CV-4967]. * * * This filing is made at this time in order to comply with the one year time requirement of Civ.R. 60(B)." Collins requested that the trial court "advise [him] on the proper method by which to proceed with his claims against WFC and Wenrick."
 {¶ 11} WFC opposed Collins's motion, asserting that the court lacked subject matter jurisdiction, apparently on the grounds that the action was on appeal and the trial court consequently had no power to grant Collins's motion during the pendency of the appeal. (Although we find no objection to WFC's memorandum, we note that WFC was not a party to Case No. 01-CV-1641. Accordingly, WFC had no standing to oppose Collins's motion. See Cross v. Biviano, Trumbull App. No. 2000-T-0123, 2001-Ohio-4313, ¶ 9.) On April 8, 2004, the trial court overruled Collins's motion for want of jurisdiction.
 {¶ 12} Collins raises one assignment of error on appeal.
 {¶ 13} "The trial court erred by ruling on case not properly before it, thus the decision of the trial court is voidable upon Timely objection or appeal."
 {¶ 14} Collins asserts that the trial court erred when it refused to exercise jurisdiction over his claims against WFC and Wenrick.
 {¶ 15} At the outset, Collins asserts that the trial judge in Case No. 03-CV-4967 erred in concluding that Collins's claims had been raised in this lawsuit. Collins claims that the judge's comment that Collins's claims should have been brought in this action "operates as a transfer of those claims." Although we will not address the correctness of the actions of the trial court in Case No. 03-CV-4967 in this appeal, it is apparent that the court therein did not transfer Collins's claims to this case. Because the court denied Dice and Hinder's motion to file the amended complaint and struck that complaint, Collins's claims were never filed. In other words, there were no claims by Collins against WFC and Wenrick to transfer from Case No. 03-CV-4967 to this case.
 {¶ 16} Collins further asserts that the court in this action could have exercised jurisdiction over his claims. He asserts that the judge "would have been well within her rights to exercise jurisdiction over these claims if she had construed Mr. Collins's pleading of March 26, 2004[,] as either a motion to amend his complaint, a motion for relief from judgment under Civ.R. 60(B), or a new complaint." Collins argues that jurisdiction was proper — despite the fact that his appeal of the dismissal of his claims against National City remained pending — because his new claims (i.e., those against WFC and Wenrick) were separate from those against National City.
 {¶ 17} At the time of Collins's motion to transfer, motion for relief from judgment, supplemental complaint, and/or new complaint, the trial court had dismissed the action and granted judgment in favor of National City. Although Civ.R. 15(A) provides that leave to amend should be "freely given when justice so requires," a party may not amend a complaint under that provision or file a supplemental complaint under Civ.R. 15(E) after judgment has been entered. If Collins wished to file a complaint setting forth claims against WFC and Wenrick, he was required either to initiate a new lawsuit or to seek leave to amend after obtaining relief from the prior judgment.
 {¶ 18} "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic SocialServ. of Cuyahoga Cty., Inc., 70 Ohio St.3d 141, 146, 1994-Ohio-219,637 N.E.2d 890, citing Yee v. Erie Cty. Sheriff's Dept. (1990),51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355, and In re Kurtzhalz (1943),141 Ohio St. 432, 48 N.E.2d 657, paragraph two of the syllabus. The supreme court has held that an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.Howard, 70 Ohio St.3d at 147. Thus, the trial court properly concluded that it lacked jurisdiction to address the merits of Collins's motion if construed as a Civ.R. 60(B) motion.
 {¶ 19} In sum, the trial court properly overruled Collins's motion to transfer, motion for relief from judgment, supplemental complaint, and/or new complaint.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} The judgment of the trial court will be affirmed.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).