JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant John Zerbe appeals from a Qualified Domestic Relations Order (QDRO) entered by the Domestic Relations Division of the Hamilton County Court of Common Pleas. He raises two assignments of error for our review.
In July 2003, the trial court issued a decree of divorce terminating John's and plaintiff-appellee Sandra Zerbe's marriage and ordering an equitable division of their marital property. Their marital property included, among other things, John's pension plan with General Electric (GE). In January 2004, both John and Sandra appealed from the divorce decree. We ultimately remanded the case to the trial court for a determination of a reasonable attorney-fee award, for a determination of the value of John's medical practice, and for reconsideration of "the effect of that new value on the overall property division."[1]
While their appeals were pending, a dispute arose regarding the language that would be used in the QDRO for the GE pension plan. Sandra asked the trial court to use a coverture fraction, so that she could obtain the accumulation of growth on her share of the contributions made during the marriage. John, however, argued that the trial court had no jurisdiction to entertain Sandra's motion because its adoption of the QDRO would interfere with this court's jurisdiction over their pending appeals. He further contended that because the decree had provided that Sandra was only entitled to one-half of the value of the pension plan on January 31, 2003, the court's adoption of a QDRO with a coverture fraction would impermissibly result in a post-decree modification of the property division in violation of R.C. 3105.171(I). Following a hearing, the trial court rejected John's arguments and adopted Sandra's QDRO with findings of fact and conclusions of law.
In his first assignment of error, John now argues that the trial court had no jurisdiction to issue the QDRO because it interfered with this court's jurisdiction over property issues that had been raised on appeal. We agree.
The common pleas court and the court of appeals cannot assert jurisdiction simultaneously over matters on appeal.[2] When a notice of appeal is filed, it confers jurisdiction on the court of appeals and divests the common pleas court of its control over the aspects of the case involved in the appeal.[3]
Consequently, the trial court retains jurisdiction only over those issues not directly related to the subject of the appeal.[4] The trial court, therefore, is prohibited from taking any action that is inconsistent with the appellate court's ability to review, affirm, modify or reverse the judgment below.[5]
Here, the GE pension plan was a part of the property division in the divorce decree, which was then before this court on appeals. The trial court, recognizing that the divorce decree was silent as to the formula that would be employed for dividing the pension plan, permitted both parties to submit QDROs and to present expert testimony on the method for valuing the plan while their appeals were pending. When the trial court subsequently issued the QDRO adopting the coverture formula, it effectively modified the divorce decree. Because the trial court's action was inconsistent with our jurisdiction to decide the property issues on appeal, we hold that the trial court lacked jurisdiction to issue the QDRO, and that it is, therefore, void. As a result, we sustain John's first assignment of error. Our disposition of John's first assignment of error, has rendered moot his second assignment of error in which he contends that the QDRO violated R.C. 3105.171(I) by increasing Sandra's interest in the GE pension plan from what had been set forth in the original decree. Consequently, we reverse the trial court's issuance of the QDRO and remand this cause for further proceedings consistent with this judgment entry and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., PAINTER and SUNDERMANN, JJ.
[1] Zerbe v. Zerbe, 1st Dist. Nos. C-040035 and C-040036, 2005-Ohio-1180, at ¶ 43.
[2] Kane v. Ford Motor Co. (1984), 17 Ohio App.3d 111, 116,477 N.E.2d 662.
[3] Id.
[4] Id.
[5] State ex rel. Special Prosecutors v. Judges, Belmont Cty.Court of Common Pleas (1978), 55 Ohio St.2d 94, 97,378 N.E.2d 162; In re Kurtzhalz (1943), 141 Ohio St. 432, 48 N.E.2d 657, paragraph two of the syllabus.