DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Justin J. Love, appeals his conviction in the Lucas County Court of Common Pleas for felonious assault and theft. He was sentenced to a total term of three years incarceration and ordered to pay restitution in the amount of $8,899.45. For the reasons that follow, we affirm the judgment of conviction.
 {¶ 2} The following facts were adduced at trial: On August 25, 2004, Sylvania Township Police Officer Hunt was assigned to guard a construction site from which construction materials had been stolen several times. Officer Hunt was undercover, dressed in plain clothes, but with his badge hung around his neck. At approximately 4:30 a.m., Hunt observed a blue pickup truck pull into the construction site and the vehicle's driver begin to load construction materials into the truck. The driver had loaded several sheets of plywood into the truck when Officer Hunt radioed for backup. Fearing detection, Hunt, who had been standing approximately 30 to 40 yards away, began running towards the driver with his gun drawn and yelling for the man to stop. Hunt testified that, since he was in plain clothes, he also repeatedly shouted that he was an officer and waved his badge that was hanging from his neck.
 {¶ 3} When he saw Officer Hunt approach, the driver, later determined to be appellant, ran to his truck and jumped in the driver's seat. Appellant testified that he panicked when he saw the gun, did not know that Hunt was a police officer, was afraid and wanted to flee possible harm. Both appellant and Hunt testified that Hunt pointed his gun at appellant, told him not to start the vehicle, and then attempted to grab appellant through the driver's side window. Both also testified that appellant screamed when Hunt grabbed him, and then "gunned" the truck, spinning his tires, causing the vehicle to "fishtail," and exited at a high rate of speed. Hunt asserted that he had to release his hold on appellant and jump back and away from the vehicle in order to avoid serious injury. Appellant maintained that he was not aware that Hunt was in danger of injury and that he only drove away in such a manner because he was afraid of being harmed by Hunt.
 {¶ 4} Officer Maynard, responding to Hunt's call, observed appellant's truck leaving the construction site. She immediately gave chase with lights and sirens activated. After following appellant at a high rate of speed for approximately three blocks, appellant braked suddenly, causing Maynard's cruiser to collide with the truck. Appellant fled on foot and was apprehended the next day. Maynard sustained serious injury in the crash.
 {¶ 5} After his apprehension and while in custody, appellant admitted to taking materials from the same construction site on at least three other occasions. Appellant was indicted for felonious assault upon Officer Hunt, a felony of the first degree; felonious assault upon Officer Maynard, also a felony of the first degree; theft, a violation of R.C. 2913.02(A)(1) and (B)(2) and a felony of the fifth degree; and vandalism, a felony of the fourth degree. After the state's presentation of its case, the trial court granted appellant's motion to dismiss the vandalism charge. Appellant was convicted of one count of felonious assault for his acts against Officer Hunt. For the act of causing harm to Officer Maynard, appellant was convicted of the lesser included offense of assault on a peace officer, a violation of 2903.13(C)(4) and a felony of the fourth degree. Appellant was also convicted of fifth degree felony theft. He was sentenced to a total term of three years incarceration.
 {¶ 6} Appellant filed a timely appeal and raises three assignments of error:
 {¶ 7} "The appellant's conviction for felonious assault is against the manifest weight of the evidence as the State of Ohio failed to establish that the appellant knowingly caused or attempted to cause physical harm to Officer William Hunt with a deadly weapon.
 {¶ 8} "The three year mandatory term of imprisonment imposed by the court for the felonious assault of Officer William Hunt is contrary to law.
 {¶ 9} "The trial court committed reversible error when it admitted police reports into evidence concerning the appellant's theft prosecution."
 {¶ 10} For ease of analysis, we begin with appellant's third assignment of error. Appellant argues that the trial court improperly admitted into evidence copies of police reports which listed items from the construction site reported stolen. Citing Evid.R. 803(8), appellant argues that police reports are only exempt from the hearsay exception when they are offered into evidence by the defendant. In response, appellee argues that the police reports were not offered for the truth of the matter asserted, and are thus not hearsay; rather, appellee notes that appellant was confronted with the police reports during his interview, and that appellant had admitted to taking the materials listed.
 {¶ 11} Evid.R. 803 lists exceptions to the bar on hearsay evidence. The provision regarding police reports excepts:
 {¶ 12} "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness." Evid.R. 803(8).
 {¶ 13} Contained in this rule is an exception to this hearsay exception, that in "criminal cases matters observed by police officers and other law enforcement personnel" are barred unless offered by the defendant. In reviewing the police reports and the matter for which they were admitted at trial, it is clear that the police reports were offered to show a list of materials reported to the police by the victim. Testimony established that the list of materials was prepared by persons other than police officers. Moreover, appellant admitted that he had reviewed the reports and had admitted to taking certain of the materials. Contrary to appellant's assertion, the reports were not offered in order to demonstrate the truth of any matter "observed by police officers." Additionally, appellant testified that he had been confronted with the police reports and had confessed to taking materials listed in the reports. Moreover, any error would be harmless and employees of the victim also testified to the materials that were stolen from the construction site. Appellant's third assignment of error is not well-taken.
 {¶ 14} In his first assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. Upon review, an appellate court must consider all of the evidence produced at trial, and in order to overturn a conviction, must find that the jury clearly lost its way and created a "manifest miscarriage of justice." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, superceded by constitutional amendment on other grounds as stated by State v. Smith (1997),80 Ohio St.3d 89. In effect, the appellate court sits as a "thirteenth juror" and "disagrees with the factfinder's resolution of the conflicting testimony." Id. at 387. The standard is difficult to meet, as the rule is necessary "to preserve the jury's role with respect to issues surrounding the credibility of witnesses." Id. at 389.
 {¶ 15} Appellant argues that the evidence failed to establish that he knowingly attempted to cause physical harm with a deadly weapon as required by the felonious assault statute, which provides:
 {¶ 16} "(A) No person shall knowingly do either of the following:
 {¶ 17} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 18} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A).
 {¶ 19} Appellant was convicted for violation R.C.2903.11(A)(2), for his act of attempting to cause serious physical harm to Officer Hunt when he fled from the scene in his pickup truck. A "deadly weapon" is defined by R.C. 2923.11 and includes "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Appellant admits that an automobile may be a "deadly weapon" when it is used in a manner likely to produce great harm or death. State v. Hutchins
(Aug. 9, 1991), 6th Dist. No. L-90-182; State v. McDaniel (May 1, 1998), 2d Dist. No. 16221. Appellant only argues that the evidence failed to establish that he "knowingly" attempted to use his pickup truck as such; he asserts that he did not "appreciate" the danger when he "gunned" his pickup truck as Hunt grabbed onto appellant through the driver's side window.
 {¶ 20} A person acts "knowingly" when "regardless of his purpose, * * * he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Legislative notes to R.C. 2901.22 state that use of the term "probably" was intentional, in that "[s]omething is `probable' when there is more reason for expectation or belief than not" contrasted to something being "likely," which exists only when "there is merely good reason for expectation or belief." "[W]hether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v. Huff (2001),145 Ohio App.3d 555. Although "knowingly" is a subjective state of mind, whether the defendant possessed that state of mind is decided on objective criteria. State v. Elliott (1995),104 Ohio App.3d 812, 821. That is, a "[d]efendant's subjective state of mind may be determined from reasonable inferences arising from the evidence." Id., citing State v. Wright (1986),31 Ohio App.3d 232, 234.
Officer Hunt testified that he was standing approximately 40 yards from appellant when he began to run towards appellant, continually waving his badge and shouting to appellant that he (Hunt) was a police officer. Given the conflicting testimony of Hunt and appellant over whether appellant was aware that his conduct under the circumstances would probably result in injury to Hunt, and given the trial court's expressed disbelief at appellant's credibility, we cannot say that a manifest miscarriage of justice occurred. Hunt had not only identified himself as a police office, but had also repeatedly ordered appellant to stop and had reached through the truck's window when appellant "gunned" the truck and "fishtailed" out of the lot. The probability of injury was high; thus, the court could properly impute to appellant knowledge of the consequences of his actions. The trial court reasonably inferred from the evidence that appellant possessed the required culpable mental state. Appellant's first assignment of error is not well-taken.
 {¶ 21} In his second assignment of error, appellant challenges the trial court's imposition of a three year mandatory term of incarceration for first degree felonious assault. In its sentencing order, the trial court cited R.C. 2903.11(A)(2), R.C.2929.13(F) and 2929.14(D)(3) in support of the three year term. For the conviction of assault on a peace officer, appellant was sentenced to 12 months incarceration; for the theft conviction, appellant was sentenced to 11 months incarceration. All terms were ordered to run concurrently for a term of three years incarceration.
 {¶ 22} R.C. 2903.11(D) provides: "Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree." R.C.2903.11(D). R.C. 2929.13(F)(4) requires imposition of a prison term for a violation of R.C. 2903.11 "if the section requires the imposition of a prison term."
 {¶ 23} Appellant argues that a three year term for this offense, committed against Officer Hunt, cannot be mandatory because Hunt did not suffer serious physical harm. Appellee agrees in its brief that the trial court erred when it stated the three year term was mandatory, and asserts that "this information has been pointed out to the trial court and a nunc pro tunc order is being prepared to correct the sentencing error * * *." Indeed, we have verified that, after the filing of this notice of appeal, the trial court did prepare and enter a nunc pro tunc order correcting the error.[1] From the sections cited supra, it is clear that a three year term was not mandatory since Hunt did not suffer serious harm. However, since appellant committed assault against a peace officer, the charge was properly classified as a first degree felony. Pursuant to R.C.2929.14(A)(1), a felony of the first degree is punishable by a term of three to ten years incarceration.
 {¶ 24} Although the trial court cited incorrect sentencing statutes in its judgment entry, its comments at the sentencing hearing reflect its intention to sentence appellant to a period of three years pursuant to R.C. 2929.14(A)(1). The only term of "mandatory" incarceration imposed at the sentencing hearing was the 12 month term for assault upon Officer Maynard. R.C.2903.13(C)(4) provides: "If the victim of the offense is a peace officer and if the victim suffered serious physical harm as a result of the commission of the offense, assault is a felony of the fourth degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the fourth degree that is at least twelve months in duration." R.C. 2903.13(C)(4). As Officer Maynard did suffer serious physical harm, the trial court did not err in imposing a mandatory 12 month term for the conviction of assault on a police officer.
 {¶ 25} Generally, "the trial court loses jurisdiction to take action in a cause after an appeal has been taken and decided."State ex rel. Special Prosecutors v. Judges, Court of CommonPleas (1978), 55 Ohio St.2d 94, 97. "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. Yee v. Erie Cty. Sheriff'sDept. (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354, 1355; Inre Kurtzhalz (1943), 141 Ohio St. 432, 25 O.O. 574,48 N.E.2d 657, paragraph two of the syllabus." Howard v. Catholic SocialServ. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146. Thus, although a trial court may be aware of its error in sentencing, any exercise with respect to sentencing after an appeal has been perfected is void for lack of jurisdiction.
 {¶ 26} However, an exception to the rule exists when the trial court takes action to assist in perfecting the appeal, or when it takes action to correct a judgment pursuant to Crim.R. 36, which provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Nunc pro tunc orders may issue to correct an error in a judgment of conviction and sentence where the sentencing transcript clearly indicates that the trial court was aware of the relevant and proper sentencing statutes. We have held corrections by nunc pro tunc orders proper in identical circumstances:
 {¶ 27} "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment. Furthermore, while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." State v. Williams, 6th Dist. No. L-02-1394, 2004-Ohio-466, citing State v. Rowland, 3rd Dist. No. 5-01-39, 2002-Ohio-1421, at ¶ 10-11. Applying this rule, the sentencing hearing transcript and the judgment entry reflect that the appellation of "mandatory" to the three year term instead of the 12 month term was mechanical in nature and apparent on the record. Appellant's second assignment of error is not well-taken.
 {¶ 28} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal are awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Skow, J. concur.
[1] Appellate courts reviewing decisions of lower courts may take judicial notice of court rulings and filings. See Morgan v.City of Cincinnati (1986), 25 Ohio St.3d 285; Kirshner v.Shinaberry, 64 Ohio App.3d at 536, 539.