{¶ 1} Defendant-Appellant Michael S. Wilson appeals the decision of the Canton Municipal Court, Stark County, which granted default judgment against him. The relevant facts leading to this appeal are as follows.
 {¶ 2} The late Myers E. Westover was the owner of two real property parcels in Akron, Ohio, located at 897 Clement Street and Lot 89, Huber Street. In February 2006, the Estate of Myers E. Westover entered into a listing contract with Russ Kiko Associates ("Kiko") for the purpose of auctioning the Akron parcels. The listing contract contained an arbitration clause.
 {¶ 3} In March 2006, the Westover Estate entered into a purchase agreement regarding the Clement Street property with Appellant Wilson, a representative of Emmanuel Homes, LLC. Additionally, in June 2006, the Westover Estate entered into a purchase agreement regarding the Huber Street property, also with Appellant Wilson of Emmanuel Homes. The realtor for both of these sales was John Slagle, an agent for Kiko. The purchase agreements also each contained an arbitration clause.
 {¶ 4} On April 27, 2007, the Westover Estate filed a complaint for breach of contract and negligence against Appellant Wilson, Emmanuel Homes, Kiko, Slagle, and ACS Fulton Title Agency. The complaint sought damages and injunctive relief.
 {¶ 5} On May 10, 2007, Kiko and its agent, Slagle, filed a motion for stay pending arbitration. See R.C. 2711.02. However, five days later, the trial court overruled the motion for stay, implicitly dismissed the Westover Estate's count seeking injunctive relief, and scheduled the case for trial on June 11, 2007. *Page 3 
 {¶ 6} On May 31, 2007, Kiko and Slagle filed a notice of appeal of the denial of the motion for stay.[1] In the meantime, the Estate of Westover filed a request for default judgment against Appellant Wilson. On June 4, 2007, subsequent to the notice of appeal of Kiko and Slagle, the trial court granted judgment in favor of the Westover Estate in the amount of $15,000.00. On June 6, 2007, Appellant Wilson filed a pro se answer/response. On June 8, 2007, appellant filed a motion to vacate the judgment of June 4, 2007. The trial court overruled the motion to vacate on June 11, 2007.
 {¶ 7} On June 26, 2007, appellant filed a notice of appeal, pertaining to both the June 4, 2007 monetary judgment and the June 11, 2007 denial of the motion to vacate. He herein raises the following sole Assignment of Error:
 {¶ 8} "I. THE FILING OF A NOTICE OF APPEAL TO THE FIFTH DISTRICT COURT OF APPEALS BY CO-DEFENDANTS, RUSS KIKO AND ASSOCIATES, INC. AND JOHN SLAGLE ON MAY 31, 2007 DIVESTED THE TRIAL COURT OF JURISDICTION TO GRANT A JUDGMENT AGAINST THE DEFENDANT MICHAEL S. WILSON ON JUNE 4, 2007. THE TRIAL COURT ERRED IN GRANTING A JUDGMENT AGAINST THE DEFENDANT, MICHAEL S. WILSON, AFTER THE TRIAL COURT HAD BEEN DIVESTED OF JURISDICTION."
 I. {¶ 9} In his sole Assignment of Error, appellant contends the trial court erred in granting a judgment against him in favor of the Westover Estate following Kiko's and Slagle's filing of their notice of appeal. We agree. *Page 4 
 {¶ 10} "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment." Yee v. Erie County Sheriff'sDepartment (1990), 51 Ohio St.3d 43, 44, citing In re Kurtzhalz (1943),141 Ohio St. 432, at paragraph two of the syllabus. In the case sub judice, the first notice of appeal, filed by Kiko and John Slagle, was based on the trial court's decision to deny their requested arbitration stay; this decision immediately created an appealable issue as to the propriety of ongoing litigation in municipal court, pending arbitration. Under these circumstances, we hold the court's decision to grant default judgment against appellant, subsequent to Kiko's and Slagle's notice of appeal, was inconsistent with our appellate jurisdiction.
 {¶ 11} Accordingly, appellant's sole Assignment of Error is sustained.
 {¶ 12} For the foregoing reasons, the June 4, 2007 judgment of the Canton Municipal Court, Stark County, Ohio, is hereby reversed and vacated.
Wise, J., Edwards, J., concurs., Hoffman, P. J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio is reversed and vacated.
Costs assessed to Appellee.
[1] That notice of appeal led to a separate appeal, which is also before us, stemming from the same trial court case. See Stark App. No. 2007CA00152. We note the denial of a requested stay is a final appealable order pursuant to R.C. 2711.02(C). *Page 5