POWELL ET AL., APPELLEES, *v.* TURNER, APPELLANT.

(No. 9-170—Decided April 30, 1984.)

*Mr. Richard L. Collins, Jr.,* for appellees.

*Mr. Theodore R. Klammer,* for appellant.

COOK, P.J. On April 25, 1981, appellant, James Turner, attended a party at a private residence in Perry, Ohio. Appellant had a .45 caliber Colt automatic weapon concealed in his belt. Appellees, Douglas Powell and Garry Parrish, arrived at the party at approximately midnight. At about 1:00 a.m., appellant's truck was damaged. After discovering the damage, appellant chased after appellees' car which was backing down the drive in a normal fashion. Appellees made no effort to drive away from appellant.

When appellee Parrish rolled down his window to see what appellant wanted, appellant grabbed Parrish

around the neck and appeared to be trying to pull Parrish through the car window and was choking him so he could not breathe. Appellee Powell got out of the car on the passenger side. Appellant took his .45 Colt automatic weapon from his belt and stepped towards Powell. After threatening to shoot Powell, appellant proceeded to pistol whip Powell. Powell suffered lacerations on and about his face.

Subsequently, appellees filed a complaint in Lake County Common Pleas Court alleging that appellant had "intentionally, willfully, wantonly and maliciously, without privilege or provocation, beat and assaulted them." Later, a jury returned a verdict in favor of appellees, awarding Parrish $2,500 as compensatory damages and $10,000 as punitive damages and awarding Powell $10,000 as compensatory damages and $25,000 as punitive damages.

On August 23, 1982, appellant filed motions for a new trial, for judgment notwithstanding the verdict, for remittitur, and for a stay of execution of the judgment. While the motions were pending, appellant filed a notice of appeal. Subsequently, the trial court ruled it no longer had jurisdiction to consider the motions since an appeal had been filed. Appellant then filed an amended notice of appeal.

Appellant has filed the following six assignments of error:

"1. The Court of Common Pleas erred to the prejudice of Appellant by improperly determining that the filing of a Notice of Appeal divested the Court of jurisdiction to grant Appellant's Motions for a new trial, for judgment notwithstanding the verdict, for remittitur and for stay of proceedings to enforce judgment.

"2. The Trial Court erred in not allowing the jury to determine the issue of self-defense as the self-defense instruction was timely requested and the defense was supported by the evidence.

"3. The Trial Court erred in instructing on punitive damages which were not supported by the evidence.

"4. The Court of Common Pleas erred to the prejudice of Appellant by allowing the recovery of punitive damages despite no showing of actual malice by Appellees.

"5. The damages awarded by the jury were clearly excessive.

"6. The Trial Court erred to the prejudice of the Appellant by overruling a timely motion to strike certain expert testimony."

The assigned errors are without merit.

Appellant first contends the court erred in ruling that the filing of the notice of appeal divested the court of jurisdiction to consider the pending motions.

However, the court, in *Majnaric* v. *Majnaric* (1975), 46 Ohio App. 2d 157 [75 O.O.2d 250], in paragraph one of the syllabus, stated:

"When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal. The trial court is without power to grant relief under Civ. R. 59 * * *."

In *Majnaric,* the court reasoned that a motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried. We are of the opinion that motions for remittitur and for judgment notwithstanding the verdict are also inconsistent with an appeal.

Despite the filing of a notice of appeal, a trial court does have jurisdiction to rule on a motion for a stay of execution since it is an action in aid of the appeal. However, refusal to do so in the instant cause did not constitute prejudicial error in the trial of the cause. Also, it should be noted appellant could seek a stay in the court of appeals pursuant to App. R. 7.

In his second and third assignments of error, appellant contends the court erred in not instructing the jury on self-

defense and erred in instructing the jury on punitive damages.

Civ. R. 51(A) provides:

"Instructions; error; record. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies of such requests shall be furnished to all other parties at the time of making such requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The court need not reduce its instructions to writing.

"A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

In the instant cause, after the jury had retired, counsel for appellant stated for the record:

"MR. KLAMMER: (Out of the hearing of the jury) I believe that I want to put something on the record.

"During the discussions yesterday in chambers, as well as after reading the charge, I requested the instruction on self-defense and the Court overruled that request and I would just like to have that reflected in the record.

"THE COURT: Okay, fine."

If, by his statement in the record, counsel for appellant was attempting to have the record reflect that he had requested, prior to the court's general charge, an instruction be included in said charge on self-defense, his effort did not comport with Civ. R. 51(A). The record contains no written request for such an instruction as required by the rule. Without a written request, we are unable to determine if his requested instruction set forth a correct statement of the law of self-defense.

If, by his statement in the record, appellant was objecting to the failure of the court to give an instruction on self-defense in his general charge, appellant again failed to comply with Civ. R. 51(A) since the jury had already retired at the time of his statement in the record.

As to the instruction on punitive damages, the record indicates no objection by appellant to said instruction. Therefore, he cannot raise the issue in this court for the first time.

Next, appellant contends that the court erred "by allowing the recovery of punitive damages despite no showing of actual malice by appellees."

Actual malice was defined by the Ohio Supreme Court in *Pickle* v. *Swinehart* (1960), 170 Ohio St. 441, 443 [11 O.O.2d 199]:

" ' * * * Actual or express malice has been defined as that state of mind under which a person's conduct is characterized by hatred or ill will, a spirit of revenge, retaliation, or a determination to vent his feelings upon other persons. * * *' "

In the instant cause, there was sufficient evidence presented to warrant a finding of actual malice. Appellant admitted that he mistakenly believed that appellees had vandalized his truck and that he pursued them into the street and assaulted them. Since malice may be inferred from wanton or reckless conduct without probable cause or justification (*Davis* v. *Tunison* [1959], 168 Ohio St. 471 [8 O.O.2d 477]), by appellant's own admissions there was sufficient evidence of malice presented to support the verdict.

In his fifth assignment of error, appellant contends the damages were excessive. However, as to compensatory damages, there was evidence of physical injury to both appellees, especially to Powell. There was also evidence as to

pain and suffering on the part of both appellees. As to punitive damages, the jury was called upon to exercise its judgment and discretion. There is no rigidly applied standard in determining punitive damages. Appellant has not demonstrated that the jury's verdict is the result of passion and prejudice.

We are of the opinion that the verdict, although large, under the facts of this case, was not shocking, unreasonable, or outrageous and therefore should be upheld.

In his last assignment of error, appellant contends the court erred in not granting his motion on the second day of the trial to strike certain expert testimony given by Dr. Bashian on the first day of the trial.

The law imposes a duty upon every litigant to be vigilant in the trial of a case. He should promptly object to the introduction of incompetent evidence or attempt to have it excluded.

In the instant cause, Dr. Bashian was asked whether it was "probable that Mr. Powell would experience future problems with his injury." Dr. Bashian answered, "He may or may not. Since the broken bones are slightly comminuted and the nose deviated to one side, it may cause some respiratory or breathing problem in the future."

At the time, appellant did not object to the question and did not move to strike the answer. Appellant did not move to strike Dr. Bashian's testimony until the next day. His motion to strike came too late.

We conclude the court did not err in overruling appellant's motion to strike Dr. Bashian's opinion as to future problems for Powell as a result of his injury.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING and FORD, JJ., concur.

DAHLING, J., concurring. I would modify the punitive damage award by a substantial reduction. The award of $35,000 in punitive damages to the two plaintiffs is excessive.

In conclusion, I would modify the judgment and affirm as modified.