## Harper v. Lachman
### [Cite as 7 AOA 283]

*Case No. 57455*
*Cuyahoga County, (8th)*
*Decided October 11, 1990*

*Richard A. Damiani, Esq., The Bradley Building, 1220 West Sixth Street, Suite 702, Cleveland, Ohio 44113, for Plaintiffs-Appellees.*

*Paul H. Keating, Esq., 2317 Lee Road, Cleveland Hts., Ohio 44118, for Defendants-Appellants.*

PARRINO, J.

Appellees, Harold Harper and Samia G. Harper, brought suit against appellants, Michael A. Lachman and Sherrie L. Lachman.[1] In 1985 appellees purchased a duplex from appellants after appellants told appellees that each floor had a working, wood-burning fireplace. The jury returned a verdict for six thousand dollars in compensatory damages and fifteen hundred dollars in a punitive damages.

On appeal appellants assign four errors for review.

I
THE TRIAL COURT ERRED IN OVERRULING DEFENDANT LACHMAN'S MOTION FOR A DIRECTED VERDICT AT THE END OF PLAINTIFF'S CASE AND AT THE CLOSE OF TRIAL AS PLAINTIFF'S FAILED

## TO MEET THEIR BURDEN OF PROOF AS TO DAMAGES.

The measure of damages is the difference between the actual value of the property in 1985 and the value as represented at is that time, i.e. with two working, wood-burning fireplaces. *Molnar v. Beriswell et al.* (1930), 122 Ohio St. 348.

Appellees presented the testimony of Patrick Mastropieri, a relator and appraiser. Mastropieri testified that in 1988 the duplex had a fair market value of $95,000. He had no opinion concerning the fair market value in 1985. Mastropieri also testified that working, wood-burning fireplaces add $2,500 to $3,000 to the value of a house (per house, not per fireplace).

Appellees paid $91,500 for the duplex. $91,500 is the value of the duplex as represented in 1985, i.e. with two working, wood-burning fireplaces. The value in 1988 is irrelevant. Appellees had to present evidence of the *actual* value of the duplex in 1985, i.e. *without* working fireplaces. The only evidence offered is Mastropieri's statement that working fireplaces increase the value of a home by $2,500 to $3,000. Mastropieri testified that he did no investigation of values for 1985. His opinion of the value of fireplaces related to 1988 prices. He also testified that the duplex had appreciated in value. His testimony that in 1988 the fireplaces would add $2,500 to $3,000 to a home's value did not supply evidence of the difference between actual value and value as represented in *1985*.

Thus, there is insufficient evidence of damages.

"When granted on the evidence. When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue." Civ. R. 50(A). A motion for a directed verdict must be denied if there is any evidence of substantial probative value in support of the claim. *Ruta v. Breckinridge-Remy Co.* (1982), 69 Ohio St. 2d 66, 68. Although the court assumes the truth of the evidence supporting the facts essential to the claim of the non-movant, *Id.*, there must be some evidence. There is no evidence of the actual value of the property in 1985. Certainly it was less than its value at the time of trial and less than the price paid by appellees but Mastropieri failed to testify to either the value of the duplex in 1985 (without working fireplaces) or the value of fireplaces in 1985 (*not* 1988, as testified to).

The motion for a directed verdict was improperly denied. Assignment of error No. I is sustained.

### II
## THE TRIAL COURT ERRED IN OVERRULING DEFENDANT LACHMAN'S MOTION FOR A DIRECTED VERDICT AS PLAINTIFFS FAILED TO MEET THEIR BURDEN OF PROOF AS TO THE ALLEGATION OF FRAUD.

We address the remaining assignments of error pursuant to our obligations under App. R. 12(A).

"The elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Gaines v. Preterm-Cleveland Inc.* (1987), 33 Ohio St. 3d 54, 55.

Samia Harper testified that she and her husband considered a fireplace important in a home and Harold Harper testified that they would not have purchased the home had they known that it did not have one. Appellants told them each floor of the duplex had a working, wood-burning fireplace, according to appellees. Appellees stated that after five unsuccessful attempts appellees had Genevieve Bures, a fireplace expert, inspect the fireplaces.

Bures testified that neither fireplace was a wood-burning fireplace. Each fireplace has to have its own flue, she explained, but here there was only a hole made in the flue of the first floor fireplace where it ran past the second floor fireplace. Uninformed persons would not know that the fireplaces were a violation of the codes

but use of the fireplaces would cause smoke to come out of the mantel.

Michael Lachman testified that he and his wife used the downstairs fireplace ten to fifteen times and that a hood corrected a problem with smoke but the fire was small and in the back of the fireplace. He stated that the upstairs fireplace was used four to seven times and a hood he made solved the smoke problem. According to Lachman, he told Mr. Harper of the need for a hood. Mrs. Lachman insisted that she told the appellees that the fires had to be small and in the back of the fireplaces and that the hoods were needed.

Appellants' private inspector testified that he told the appellees that they could not have large, roaring fires. He also stated that there were deposits indicating there had been fires in both fireplaces.

Appellees contended that they knew they could only have small fires and did use a hood but were unable to have any fires. Although Bures admitted that the fire like the one in a Christmas photograph taken downstairs could be produced again she insisted that it would be unsafe because there are combustible materials in the wall. Bures also testified that an absence of deposits proved that there were no fires in the second floor fireplace.

Absent Bures' testimony it would appear that the appellants were unaware of the danger and not acting fraudulently. Appellees had to show fraud or be precluded from recovery under the doctrine of *caveat emptor*.

"The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns* (1988), 35 Ohio St. 3d 176 (syllabus). However, Bures' testimony that there had been no fires in the second floor fireplace and that a fire in the first floor would have eventually produced smoke through the mantel supports the conclusion that appellants made a material representation with knowledge of falsity or with utter disregard and recklessness as to bits truth or falsity and with the intent of misleading appellees into relying on it. The damage was proximately caused by appellees justifiable reliance.

It is true that there was only one chimney but many people would not know that fireplaces cannot share a chimney. Appellee's presented sufficient evidence of fraud (except for damage).

The motion for a directed verdict could not be granted so long as there was substantial, competent evidence to support the non-movant upon which reasonable minds might reach different conclusion. *Strother v. Hutchinson* (1981), 67 Ohio St. 2d 282, 284-285. Even if there had been relevant evidence of actual damage this court would hold that the motion was properly denied.

## III
## THE VERDICT OF THE JURY WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE.

Appellant contends that even if Mastropieri's testimony related to the 1985 value of the fireplace to a home the award of $6,000 in compensatory damages was not supported by the evidence. Appellees argue that the excess was for attorneys' fees.

The testimony was that the value of the *house* would increase by $2,500 to $3,000. There was no evidence of the amount or cost of services rendered by appellees' attorney. If this judgment had been upheld the compensatory damages would have been reduced to $3,000.

## IV
## THE TRIAL COURT ERRED IN OVERRULING DEFENDANT LACHMAN'S MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE FOR REMITTITUR.

This judgment was journalized on February 22, 1989. On March 8, 1989 appellants filed a motion for new trial and/or remittitur. On March 24, 1989 appellants filed their notice of appeal from the judgment of February 22, 1989. The motion for a new trial and/or remittitur was denied on March 29, 1989.

The general rule is that a trial court loses jurisdiction after an appeal, except to take action in aid of an appeal or when a remand is ordered for a ruling on a pending motion; the lower court retains only that jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected. *Yee v. Erie County Sheriff's Dept.* (1990), 51 Ohio St. 3d 43, 44 and *State, ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St. 2d 94, 97, both citing *In re Kurtzhalz* (1943), 141 Ohio St. 432 (syllabus 2); see also *State v. McGettrick* (1988), 40 Ohio App. 3d 25, 33; *Powell v. Turner* (1984), 16 Ohio App. 3d 404 (motion for a new trial).

Appellants failed to request a remand. The trial court had no jurisdiction to rule on the pending motion and its ruling is a nullity.

The judgment of the trial court against Michael A. Lachman and Sherrie L. Lachman is reversed and vacated and final judgment is entered in favor of appellants Michael A. Lachman and Sherrie L. Lachman.

KRUPANSKY, P.J., and NAHRA, J., concur.

Sitting By Assignment: Judge Thomas J. Parrino, Retired, of the Eighth District Court of Appeals.

---

[1] This action included a claim alleging negligence against Midwestern Housing Inspections, Inc. The jury returned a verdict against Midwestern but that judgment is not part of this appeal. All cross-claims and counterclaims were dismissed.