# In re Annexation
# of Heckleman
*[Cite as 8 AOA 267]*

*Case No. H-89-23*
*Huron County, (6th)*
*Decided December 10, 1990*

*Reese Wineman, for appellees.*

*Gary Kuns and Michael Fegen, for appellants.*

This administrative appeal was filed to challenge a May 10, 1989 judgment entry of the Huron County Court of Common Pleas which reversed a decision of the Huron County Commissioners and granted an annexation petition. In addition to the appeal, several motions have been filed in this court. A motion to dismiss which raises some rather complicated procedural questions remains pending. Because the motion to dismiss may be dispositive of this case we will begin by considering the motion to dismiss. To understand the context of the motion we must first review the facts and procedure which led to this appeal and subsequently to the motion to dismiss.

This case began when several landowners filed a petition with the Huron County Commissioners for the annexation of land to the city of Norwalk, Ohio. Hearings were conducted to consider the petition. At the close of the hearings, the Huron County Commissioners denied the petition, stating that the landowners and the city of Norwalk, appellees, failed to demonstrate any additional advantages which would accrue if the land was annexed. Appellees filed an administrative appeal in the Huron County Court of Common Pleas. The Huron County Court of Common Pleas reversed the County Commissioners' decision, after a thorough review of the record, finding the commissioners' decision:

"*** illegal, contrary to law, arbitrary, capricious, unreasonable, and unsupported by

the preponderance of substantial, reliable and probative evidence on the whole record."

The Huron County Commissioners, who opposed the appeal in the lower court, filed a motion for a new trial or in the alternative a motion for relief from judgment. Appellants, Norwalk Township and the Norwalk Township Trustees, then filed this appeal. Appellees filed a motion to dismiss this appeal, alleging that appellants had no standing to bring this appeal since the Norwalk Township Trustees failed to enter an appearance in the lower court. This court reviewed the record and denied the motion to dismiss because the record showed that:

"The Norwalk Township Trustees' interests were represented by the Huron County Commissioners at the appeal before the common pleas court." This court then *sua sponte* remanded this case for a ruling on the motion for a new trial. Appellees filed a motion for reconsideration which was granted because a motion for a new trial is a nullity in an administrative appeal. Appellees then filed a second motion to dismiss alleging that this appeal has been rendered moot since the city of Norwalk has adopted an ordinance annexing the land in issue. Appellants filed a memorandum in opposition to the second motion to dismiss, asserting that this appeal is not rendered moot because the city of Norwalk failed to comply with all statutory requirements for the enactment of an ordinance. Specifically, appellants point to the fact that the ordinance was not passed until one hundred and twenty six days after it was placed before the city council for consideration. This court continued the motion to dismiss for consideration after oral argument. Appellants and appellees were instructed to brief the issues raised by the motion to dismiss and were assigned five extra minutes of oral argument.

The first issue to address is whether or not appellees have properly presented the proof of the ordinance to this court to establish that this case is moot. Originally, appellees attached the exhibits, including the ordinance, to their motion to dismiss. On April 26, 1990, this court issued a decision and journal entry which instructed "*** appellants and appellees to address the question of whether this court may consider the validity of a city ordinance approving an annexation while ruling on a motion to dis-

miss an appeal challenging a judgment entry allowing the annexation." Following that decision and journal entry appellees filed a motion to invoke original jurisdiction of the court of appeals. The motion referred this court to Section 3 of Article IV of the Ohio Constitution which grants this court original jurisdiction: "In any cause on review as may be necessary to its complete determination." Section 3(B)(1)(f), Article IV, Ohio Constitution. Appellee incorporated by reference the exhibits which were originally attached to the motion to dismiss and requested this court to consider those exhibits pursuant to the provision cited to in the motion to invoke original jurisdiction.

Ohio's appellate rules, which dictate what can be included in the record on appeal, do not specifically address the question of how to supplement the record to demonstrate mootness if the event which creates the mootness occurs after the trial court's proceedings have ended. For instance, in this case, because the ordinance could not be passed until after the lower court's proceedings terminated and the lower court journalized an entry allowing the city of Norwalk to proceed with steps outlined in R.C. 709.04 to pass the ordinance, the ordinance could never be included in the record on appeal as part of:

"The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court ***." App. R. 9. Nor could the record be supplemented under App. R. 9 with the ordinance since the Supreme Court of Ohio has ruled that: "a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St. 2d 402, paragraph one of the syllabus. App. R. 7 does not have specific provisions for filing documentation of events occurring after a final and appealable order which render a case moot. However, it appears that this does not mean the proof cannot be presented since this court cannot decide moot cases. The Supreme Court of Ohio has ruled:

"Where the appellate court hears and decides an appeal that is moot, the judgment of the appellate court will be reversed and the trial court's judgment reinstated, as if the

appeal had been dismissed." *State v. Berndt* (1987), 29 Ohio St. 3d 3, at the syllabus. However, one exception to the general rule exists; an appellate court may consider a moot case if "*** the issues raised are capable of repetition, yet evading review." *State ex rel. Plain Dealer Publishing Co.*, v. *Barnes* (1988), 38 Ohio St. 3d 165, paragraph one of the syllabus. (Citation omitted.) The exception will not assist appellants in this case, if this court determines this case is moot, because the circumstances of an annexation ordinance being passed while an appeal is pending could have been prevented if appellants had sought a stay of the lower court's order, pursuant to App. R. 7. This case, therefore, is not one which evades review. Indeed, Ohio courts have already had occasion to dismiss appeals rendered moot by annexation ordinance passed while appeals were pending. *Gaverick v. Hoffman* (1970), 23 Ohio St. 2d 74.

Accordingly, the only way to provide this court with a copy of the ordinance to demonstrate that this appeal is moot was to file a motion to invoke the original jurisdiction of this court under the provisions of Section 3(B)(1)(f), Article IV of the Ohio Constitution which grants jurisdiction: "In any cause on review as may be necessary to complete its determination." Section 3(B)(1)(f), Article IV, Ohio Constitution. Appellees have properly presented the ordinance to this court.

The next question to be addressed by this court, therefore, is whether this court has jurisdiction to consider the validity of the ordinance when the validity is challenged as a defense to a motion to dismiss, rather than as an assignment of error on direct appeal. The gist of appellants' attack on the ordinance is that the ordinance is not valid because it was passed one hundred twenty-six days after the transcript for annexation was presented to the City Council of Norwalk, rather than within the one hundred twenty days prescribed by R.C. 709.04. If this challenge had been raised on direct appeal after the issue had been argued and decided in the lower court, there would be no question that this court could and should consider the effect of the statute. The jurisdiction of this court is established in Article IV of the Ohio Constitution, which states:

"(B)(1) The courts of appeals shall have original jurisdiction in the following:

(a) Quo warranto;

(b) Mandamus;

(c) Habeas corpus;

(d) Prohibition;

(e) Procedendo;

(f) In any cause on review as may be necessary to its complete determination.

"(2) Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."

A final order is defined in R.C. 2505.02 as:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial." The problem in this instance is that there is no final, appealable order now on review regarding the issue of whether or not the annexation ordinance is invalid due to its passage one hundred and twenty-six days after presentation. Appellants could not challenge the ordinance in the proceedings now on direct appeal, because the ordinance did not come into existence until after those proceedings were terminated in the lower court.

This court's research indicates that an invalid ordinance is generally challenged by plaintiffs seeking an injunction to prevent the enforcement of the ordinance or by the state in quo warranto proceedings. Annotation, Proper remedy or procedure for attacking legality of proceedings annexing territory to municipal corporation (1951), 18 A.L.R. 2d 1247. Those proceedings are instituted in a trial court, rather than an appellate court.

The cause now pending on direct appeal would not be immediately affected by a separate action in the lower court challenging the validity of the ordinance because of procedural flaws, since the case on appeal involves a different question; whether or not the city should have been allowed to pass the annexation ordinance. Accordingly, appellants were not barred from seeking an injunction in the lower court to prevent the enforcement of the procedurally flawed ordinance when the ordinance was passed. See *Powell v. Turner* (1984), 16 Ohio App. 3d 404, 405. The existence of an alternative, direct method of challenging the validity of the ordinance precludes appellants from first raising the issue in this court as a defense to a motion to dismiss. This court has no jurisdiction to consider that issue in this context. The existence of the ordinance in this case renders this appeal moot. Appellees' motion to dismiss is well-taken and is granted. This appeal is ordered dismissed. Appellants are ordered to pay the court costs of this appeal.

HANDWORK, P.J., GLASSER, J., and RESNICK, J., concur.