MEMORANDUM OPINION
{¶ 1} Appellant, Teri Lynn Nemeth, appeals the March 6, 2008 judgment of the Geauga County Court of Common Pleas, denying her three post-divorce decree motions: (1) to supplement her objections to the magistrate's decision; (2) for a new trial on the divorce case; and (3) for relief from the final decree pursuant to Civ. R. 60(B). In denying appellant's post-decree motions, the trial court noted that they were filed while appellant's appeal of the parties' divorce decree was pending. *Page 2 
 {¶ 2} Our review of the trial docket in the underlying divorce case indicates that on the date the trial court's March 6, 2008 judgment denying appellant's motions, appellant's appeal from the divorce decree was pending before this court in Nemeth v. Nemeth, 11th Dist. No. 2007-G-2791, 2008-Ohio-3263 ("Nemeth I"). Our review of the appellate docket in Nemeth I shows that, prior to the issuance of our opinion inNemeth I, the divorce case had never been remanded to the trial court for the purpose of ruling on the three motions, and appellant had never moved this court to remand the case to the trial court for that limited purpose.
 {¶ 3} As a general proposition, the taking of an appeal from a final order does not deprive a trial court of all jurisdiction over the subject case. Chase Manhattan Mtge. Corp. v. Urquhart, 12th Dist. Nos. CA2004-04-098 CA2004-10-271, 2005-Ohio-4627, at ¶ 28. Notwithstanding the filing of a notice of appeal, a trial court retains all jurisdiction which does not conflict with the ability of the appellate court to reverse, modify, or affirm the subject judgment. Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains the ability to enforce the appealed judgment so long as a stay of execution has not been issued. Chase Manhattan Mtge. Corp., supra. On the other hand, a trial court loses the ability to rule upon a Civ. R. 60(B) motion because the granting of such relief would conflict with the appellate court's jurisdiction to fully review the final order.State ex rel. Newton v. Court of Claims (1995), 73 Ohio St.3d 553, 558. An appeal divests trial courts of jurisdiction to consider Civ. R. 60(B) motions for relief from judgment. Howard v. Catholic SocialServices (1994), 70 Ohio St.3d 141, 147. Therefore, the trial court did not have jurisdiction to rule on appellant's Civ. R. 60(B) motion for relief from the divorce decree.
 {¶ 4} With respect to appellant's motion to supplement her objections to the *Page 3 
magistrate's decision, we note that if the trial court had granted this motion, it would have potentially resulted in a subsequent determination that would have altered the substance of the decree which had already been appealed to this court. Further, if appellant had been permitted to supplement her objections, such ruling would have been inconsistent with the finality of the divorce decree and our ability to reverse, modify, or affirm it. To this extent, appellant's motion to supplement her objections conflicted with this court's jurisdiction in Nemeth I to fully review the merits of the divorce decree. The trial court therefore lacked jurisdiction to rule on this motion.
 {¶ 5} Likewise, the granting of appellant's motion for new trial would have the ultimate effect of rendering the divorce decree void, and would have been inconsistent with our ability to reverse, modify, or affirm the trial court's divorce decree. We would also note that this court has previously ruled that the filing of an appeal divests the trial court of jurisdiction to rule on a motion for new trial. In Powell v. Turner
(1984), 16 Ohio App.3d 404, this court held that a motion for new trial is inconsistent with a notice of appeal, and a trial court is divested of jurisdiction to decide the merits of a motion for new trial once a notice of appeal from the original judgment is filed. Other Ohio appellate courts have followed Powell, and held that notices of appeal divest trial courts of jurisdiction to decide motions for new trial.Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 383-384. Thus, appellant's filing of the notice of appeal in Nemeth I divested the trial court of jurisdiction to rule on her motion for new trial.
 {¶ 6} Pursuant to the foregoing discussion, it is the sua sponte order of this court that the instant appeal is hereby dismissed for lack of a final appealable order.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1