OPINION *Page 2 
{¶ 1} Defendant-Appellant, Fairfield Medical Center appeals the September 17, 2007 judgment entry of the Fairfield County Court of Common Pleas memorializing the jury verdict in favor of Plaintiff-Appellee, Rebecca L. Cramer on her claim for sexual harassment. Appellant also appeals the trial court's decision to deny Appellant's motion for directed verdict and post-trial motions for judgment notwithstanding the verdict, or in the alternative, a new trial.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Dr. Timothy Cramer came to work for Fairfield Imaging as a radiologist with Appellant's Radiology Department in 2000. There he met Appellee, who had been with the Radiology Department as a registered nurse since 1996. Appellee and Dr. Cramer began a consensual relationship and left their respective spouses to live with each other. Appellee and Dr. Cramer ultimately divorced their spouses and married each other.
 {¶ 3} The relationship between Appellee and Dr. Cramer was the subject of discussion among some employees within the Radiology Department. A male employee within the Department allegedly subjected Appellee to sexually harassing behavior. Appellee and Dr. Cramer reported the behaviors to Appellee's supervisors, but the couple did not find the matter was resolved. On August 27, 2001, Appellee made a complaint of sexual harassment with the Human Resources Department.
 {¶ 4} On August 30, 2001, Dr. Cramer's privileges with Appellant were suspended. Shortly thereafter, Appellee requested and was granted a transfer to Appellant's OB Department where she took a part-time position. In December 2001, *Page 3 
Appellee resigned to relocate to northeast Ohio where Dr. Cramer had received a position with the Cleveland Clinic.
 {¶ 5} In September 2005, Dr. Cramer and Appellee filed a complaint in the Franklin County Court of Common Pleas, naming Appellant, Fairfield Imaging and seven individuals as defendants. The case was transferred to the Fairfield County Court of Common Pleas, after which Dr. Cramer and Appellee filed an amended complaint. The amended complaint alleged six claims. Counts One and Two were brought by Dr. Cramer against Fairfield Imaging regarding Dr. Cramer's employment contract. Count Three alleged defamation against Appellant's employees in the Radiology Department. In Count Four of the amended complaint, Appellee alleged sexual harassment in violation of R.C. 4112.02 against Appellant. Dr. Cramer alleged in Counts Five and Six tortious interference and fraud, due process and failure of consideration, respectively.
 {¶ 6} The defendants moved for summary judgment on the amended complaint and on August 13, 2007, the trial court granted judgment as a matter of law in favor of the defendants on Counts One, Two, Three, Five and Six. Count Four of the amended complaint against Appellant proceeded to trial.
 {¶ 7} At the close of Appellee's case, Appellant moved for a directed verdict pursuant to Civ. R. 50(A)(4). The trial court denied the motion from the bench. Appellant renewed its motion at the close of the evidence, and the trial court again denied the motion.
 {¶ 8} Also at the close of the evidence, Appellee moved pursuant to Civ. R. 15 to amend her complaint to add a claim for discriminatory retaliation under R.C. 4112.02. *Page 4 
The trial court granted Appellee's motion and instructed the jury on claims for sexual harassment and retaliation.
 {¶ 9} The jury returned a verdict in favor of Appellee on her claim for sexual harassment, and awarded Appellee $21,480 in compensatory damages and $125,000 in punitive damages. The jury found in favor of Appellant on Appellee's claim for retaliation under R.C. 4112.02. The trial court entered judgment on the verdict on September 17, 2007.
 {¶ 10} On September 27, 2007, Dr. Cramer filed a Notice of Appeal of the trial court's August 13, 2007 decision to grant summary judgment in favor of the defendants. See Timothy Cramer, M.D., et al. v. FairfieldMedical Center, et al., 5th Dist. No. 2007 CA 57.
 {¶ 11} Appellant filed a Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial or Remittitur on October 1, 2007. The trial court dismissed Appellant's motion because the trial court found it was without jurisdiction to consider the motion due to Dr. Cramer's Notice of Appeal of the August 13, 2007 judgment entry. It is from this decision Appellant now appeals.
 {¶ 12} Appellant raises three Assignments of Error:
 {¶ 13} "I. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR DIRECTED VERDICT.
 {¶ 14} "II. THE JURY'S VERDICT ON BOTH THE LIABILITY AND DAMAGES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 15} "III. THE TRIAL COURT ERRED IN DENYING FAIRFIELD'S POST TRIAL MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT." *Page 5 
 III. {¶ 16} We will first address Appellant's third Assignment of Error as it is dispositive of this appeal. Appellant argues the trial court erred in denying its Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial or Remittitur.
 {¶ 17} In the trial court's judgment entry dismissing Appellant's motion, the trial court determined that because a notice of appeal had been filed in the underlying action, the notice of appeal divested the trial court of jurisdiction to rule on the motion for JNOV and/or new trial. The trial court correctly stated in its judgment entry dismissing Appellant's motion that once an appeal is taken, the trial court is divested of jurisdiction except over issues not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment. State ex rel. Fire Marshal v. Curl, 87 Ohio St.3d 568, 570,2000-Ohio-248, 722 N.E.2d 73. See, also, Howard v. Catholic Social Serv.of Cuyahoga Cty., Inc., 70 Ohio St.3d 141, 146, 1994-Ohio-219,637 N.E.2d 890. Trial courts are without jurisdiction to rule on motions for new trial, remittitur or for judgments notwithstanding the verdict because they are inconsistent with a notice of appeal. Ford v. TandyTransp., Inc., (Feb. 16, 1993), 4th Dist. No. 91CA31 citing Powell v. Turner (1984), 16 Ohio App.3d 404, 476 N.E.2d 368.
 {¶ 18} However, a notice of appeal only divests the trial court of jurisdiction over that part of the final order, judgment or decree which is sought to be reviewed. Majnaric v. Majnaric (1975),46 Ohio App.2d 157, 158, 347 N.E.2d 552. In this case, Dr. Cramer filed a notice of appeal of the trial court's August 13, 2007 judgment entry granting summary judgment in favor of Appellant and the other named defendants (Case *Page 6 
No. 2007 CA 57). It is this notice of appeal that caused the trial court to determine that it was without jurisdiction to rule upon Appellant's post-trial motions. Upon review of Appellant's post-trial motions, however, we find the post-trial motions concern only the jury verdict in favor of Appellee on Count Four of Appellee's complaint alleging sexual harassment.
 {¶ 19} Under this procedural scenario, we find the trial court retained jurisdiction to rule on Appellant's post-trial motions as they are issues not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment in the related appeal ofTimothy Cramer, M.D., et al. v. Fairfield Medical Center, et al., 5th Dist. No. 2007 CA 57. A reviewing court may confer jurisdiction on the trial court by remanding the matter for consideration of the motions. See Majnaric, supra; Howard, supra.
 {¶ 20} Accordingly, we sustain Appellant's third Assignment of Error. We further find it is unnecessary to address Appellant's first and second Assignments of Error based upon our disposition of the third Assignment of Error. *Page 7 
 {¶ 21} For the foregoing reasons, the judgment of the Fairfield County Court of Common Pleas to dismiss Appellant's Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial or Remittitur is reversed and the cause is remanded to the trial court to consider the merits of Appellant's Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial or Remittitur.
 Delaney, J., Gwin, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas to dismiss Appellant's Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial or Remittitur is reversed and the cause is remanded to the trial court to consider the merits of Appellant's Motion for Judgment Notwithstanding the Verdict, or alternatively, Motion for New Trial or Remittitur.
 Costs assessed to Appellees. *Page 1