[Cite as *Ritchey v. Plunkett*, 2013-Ohio-3226.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HEATHER RITCHEY | : | JUDGES: |
| KNA MONTGOMERY | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2013CA00051 |
| ROBERT PLUNKETT | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2009JCV00939


JUDGMENT:        Dismissed


DATE OF JUDGMENT:        July 22, 2013


APPEARANCES:

For Plaintiff-Appellee

HEATHER RITCHEY MONTGOMERY, Pro Se
946 Colina Vista, NW
Massillon, OH  44646

For Defendant-Appellant

ROBERT PLUNKETT, Pro Se
1407 Western Avenue, SW
Canton, OH  44710

*Farmer, J.*

{¶1} Appellant, Robert Plunkett, and appellee, Heather Ritchey nka Montgomery, had a child together on March 20, 2002. On July 24, 2009, appellee filed a complaint for the establishment of custody, child support, medical insurance, and tax exemption. On August 21, 2009, appellant filed a motion for shared parenting. A hearing was held on March 9, 2010. By agreed entry filed March 26, 2010, appellee was named the residential and custodial parent of the child and appellant was granted unsupervised visitation. The agreed entry was submitted to appellant's counsel but not approved.

{¶2} On June 23, 2010, the guardian ad litem in the case filed a motion for immediate review due to appellant's noncompliance with the agreed entry. On June 25, 2010, appellee filed a motion to modify the terms of the agreed entry regarding visitation. On June 28, 2010, appellant filed a motion for change of custody. A hearing was held on July 1, 2010. By judgment entry filed July 2, 2010, the trial court determined the agreed entry was no longer workable, suspended appellant's visitation rights, and dismissed appellant's motion for change of custody due to appellant's failure to comply with Loc.R. 16.02.

{¶3} On March 9, 2011, appellant filed a motion for companionship/allocation of parental rights. By judgment entry filed September 14, 2011, the motion was dismissed due to appellant's failure to abide by the trial court's orders for a psychological evaluation and the payment of guardian ad litem fees.

{¶4} On June 14, 2012, appellant filed a motion for change of custody and a motion for visitation. By judgment entry filed August 7, 2012, the trial court dismissed

the motion for change of custody, again due to appellant's failure to comply with Loc.R. 16.02, and granted the motion for supervised visitation.

{¶5}    A hearing was held on March 4, 2013.  By judgment entry filed March 5, 2013, the trial court granted appellant unsupervised visitation.

{¶6}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶7}    "COMPLAINT FOR FATHER'S RIGHTS TO BE REINSTATED IN THIS CUSTODY CASE, TAX EXEMPTION RIGHTS, GUARDIAN AD LITEN (SIC) FEES REIMBURSEMENT, JOINT CUSTODY OF LINDSEY PLUNKETT, FALSE STATEMENT ABOUT THE FATHER WHICH HAVE DAMAGED THE FATHER'S REPUTATION IN THIS SOCIETY.  THE COURT SUSPENDED MY RIGHTS 2010 BECAUSE OF FALSE STATEMENTS THE MOTHER AND THE FIRST GUARDIAN CAME UP WITH.  MR. PLUNKETT WAS NOT AWARE OF THIS UNTIL THE MOTHER NEVER SHOWED UP FOR THE VISITATION.  THIS HAS BEEN AN ONGOING BATTLE TO SEEK JUSTICE IN THIS CUSTODY CASE 2009JCV00939."

I

{¶8}    Appellant claims he was denied his right to a hearing on the reinstatement of his parental rights and responsibilities.  In order to determine this assignment of error, it is necessary to conduct a procedural review of this case.

{¶9}    On June 28, 2010, appellant filed a motion for change of custody.  A hearing was held on July 1, 2010.  By judgment entry filed July 2, 2010, the trial court dismissed the motion due to appellant's failure to comply with Loc.R. 16.02.

{¶10} On March 9, 2011, appellant filed a motion for companionship/allocation of parental rights. By judgment entry filed September 14, 2011, the motion was dismissed due to appellant's failure to abide by the trial court's orders for a psychological evaluation and the payment of guardian ad litem fees.

{¶11} On June 14, 2012, appellant filed a motion for change of custody. By judgment entry filed August 7, 2012, the trial court dismissed the motion, again due to appellant's failure to comply with Loc.R. 16.02. The trial court specifically noted appellant failed to include an affidavit in compliance with Loc.R. 16.02 "setting forth facts sufficient to establish a prima facie case for granting the requested relief." In the same judgment entry, the trial court granted appellant supervised visitation.

{¶12} Loc.R. 16.02 of the Court of Common Pleas of Stark County, Family Court Division, states the following:

> Attached to a motion for modification of allocation of parental rights shall be an affidavit of the moving party [appellant herein] reciting facts sufficient to establish a *prima facie* case for granting the requested relief. The Court may summarily dismiss the motion or make other appropriate orders including investigation, pretrial, interim placement of children, visitation, and support pending the hearing on the motion. Such interim orders may be made upon statements of counsel, the affidavits supplied, and a parental rights investigation, if any.

{¶13} A hearing was then held on March 4, 2013. By judgment entry filed March 5, 2013, the trial court granted appellant unsupervised visitation. Up to this hearing date, appellant never filed another motion for change of custody with the necessary affidavit. We therefore conclude the trial court was not required to hear any argument on change of custody.

{¶14} We note no appeal was timely taken from the August 7, 2012 dismissal pursuant to App.R. 4(A) which states: "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶15} Appellant filed his notice of appeal herein on March 12, 2013 regarding the trial court's March 12, 2013 judgment entry. No judgment entry was filed on said date. Appellant's docketing statement filed March 19, 2013 identifies and attaches the judgment entry being appealed as the one dated March 4, 2013, which was actually filed on March 5, 2013. This judgment entry memorialized an agreed visitation order:

> The father is to receive unsupervised visitation commencing March 16, 2013 from 10:00 to 12:00. His subsequent visits are to occur biweekly on Saturdays with a commencement of 10:00 AM increasing two hours each visit until reaching a total of eight hours visitation. Pick up and drop off of the child is to occur at Perry Police Department. Father is to provide his address and contact phone number as well as the location of visits.

Father is to provide a 2012 and 2011 W2s to Attorney Johnson within 7 days.  Attorneys are to submit child support modification information no later than 14 days thereafter.  The court will then issue modified child support orders.

{¶16} The judgment entry indicates it is an agreed entry as the signatures of both appellant and appellee appear above the disposition language.

{¶17} The gravamen of appellant's argument is that he was denied a full evidentiary hearing on the change of custody issue.  However, there was no pending motion for change of custody from the August 7, 2012 dismissal forward, and appellant failed to file a notice of appeal on the August 7, 2012 dismissal.

{¶18} Upon review, we conclude there is no justiciable issue for this court to review.

{¶19} The appeal is dismissed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.

_____

_____

_____

SGF/sg 709                                                    JUDGES

[Cite as *Ritchey v. Plunkett*, 2013-Ohio-3226.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| HEATHER RITCHEY | : | |
| NKA MONTGOMERY | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT PLUNKETT | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2013CA00051 |


For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed. Costs to appellant.



_____


_____


_____

JUDGES