[Cite as *Ritchey v. Plunkett*, 2013-Ohio-5695.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| HEATHER RITCHEY nka MONTGOMERY | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | Case No. 2013 CA 00105 |
| ROBERT PLUNKETT |  |
| Defendant-Appellant | O P I N I O N |
| -vs- |  |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2009 JCV 00939 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 23, 2013 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| No Appearance | ROBERT PLUNKETT, PRO SE<br>3000 - 26th Street, SE<br>Canton, Ohio  44707 |

*Wise, J.*

{¶1} Appellant Robert Plunkett appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which issued orders modifying appellant's child support obligation for his daughter, L.P. Appellee Heather Ritchey, nka Montgomery, is the child's mother and residential parent. The relevant procedural facts leading to this appeal are as follows.

{¶2} Appellant Robert is the father of L.P., born in 2002. The trial court action from which this appeal is taken commenced with Appellee Heather's complaint for establishment of custody orders and child support for L.P., filed July 24, 2009. Appellee was thereafter designated by the trial court as the child's residential parent and custodian, and appellant was ordered to pay child support.

{¶3} On June 28, 2010, appellant filed a motion for change of custody. However, on July 2, 2010, the trial court dismissed the motion due to appellant's failure to file the affidavit required by Stark County Loc.R. DR 16.02.

{¶4} On March 9, 2011, appellant filed a motion for companionship/allocation of parental rights. On September 14, 2011, the motion was dismissed due to appellant's failure to abide by the trial court's orders for a psychological evaluation and the payment of guardian ad litem fees.

{¶5} On June 14, 2012, appellant filed a motion for change of custody. On August 7, 2012, the trial court dismissed the motion, again due to appellant's failure to comply with Loc.R. DR 16.02. However, in said judgment entry, the trial court granted appellant temporary supervised visitation.

{¶6} A further hearing on visitation took place on March 4, 2013. On March 5, 2013, in what appears to be an agreed entry signed by appellant and appellee, the trial court granted appellant unsupervised visitation. The entry states:

{¶7} "The father is to receive unsupervised visitation commencing March 16, 2013 from 10:00 to 12:00. His subsequent visits are to occur biweekly on Saturdays with a commencement of 10:00 AM increasing two hours each visit until reaching a total of eight hours visitation. Pick up and drop off of the child is to occur at Perry Police Department. Father is to provide his address and contact phone number as well as the location of visits.

{¶8} "Father is to provide a 2012 and 2011 W2s to Attorney Johnson within 7 days. Attorneys are to submit child support modification information no later than 14 days thereafter. The court will then issue modified child support orders."

{¶9} Appellant thereafter filed an appeal to this Court. *See Ritchey v. Plunkett*, 5th Dist. Stark No. 2013CA00051, 2013-Ohio-3226 ("*Ritchey I*"). The notice of appeal referenced a March 12, 2013 judgment entry, although no judgment entry was filed on said date. Appellant's docketing statement filed March 19, 2013 identified the judgment entry being appealed as the entry of March 4, 2013, which was actually filed on March 5, 2013.

{¶10} On July 22, 2013, this Court rendered a memorandum-opinion and judgment entry dismissing the appeal, concluding that there was "no justiciable issue for this Court to review." *Ritchey I* at ¶ 18.

{¶11} In the meantime, on May 21, 2013, the trial court conducted a non-oral hearing on the issue of child support, as had been envisioned in the trial court's decision

of March 5, 2013. The trial court thereupon issued a judgment entry modifying child support to $401.50 per month, effective March 1, 2013. The court also issued orders regarding medical support for L.P. and the allocation of the tax dependency exemption. The entry also states: "All other pending motions involve custody and visitation issues which are the subject of a pending appeal. Accordingly, this court lacks jurisdiction over those issues. The motions are dismissed." Judgment Entry, May 21, 2013, at 1.

{¶12} Appellant filed a notice of appeal on May 28, 2013.[1] He herein raises the following sole Assignment of Error:

{¶13} "I. JUDGE JAMES MADE A DECISION IN MY CASE WHILE UNDER THE COURTS (SIC) OF APPEALS, I AM LED TO BELIEVE IT WAS ON THE ACT OF ATTORNEY CHRIS DIONISIO. I HAVE BEEN HARASSED BY THIS ATTORNEY FROM DAY ONE. (DATED 2009 TO CURRENT). I FEEL THIS SHOULD FALL UNDER THE STATUE (SIC) OF MISCONDUCT OF A JUDGE AND AN ATTORNEY FOR THEY KNOW THE LAW BETTER THAN ANYONE ELSE. I WAS JUST IN COURT WITH MR. DIONISIO ON MAY 21, 2013 ABOUT NOT HEARING OR MAKING ANY DECISIONS ON THIS CASE UNTIL IT'S DONE WITH COURTS (SIC) OF APPEALS. (THE CHIEF MAGISTRATE SALLY A. EFREMOFF)"

I.

{¶14} In his sole Assignment of Error, appellant apparently contends the trial court erred in issuing a decision modifying child support while the case was on appeal from an earlier decision issued by the trial court. We disagree.

---

[1] Similar to what occurred in the prior appeal, appellant's notice of appeal references a May 28, 2013 judgment entry, although no judgment entry was filed on said date. Appellant's docketing statement, however, identifies the judgment entry being appealed as the entry of May 21, 2013.

**{¶15}** It is a well-recognized principle that once an appeal has been perfected, the trial court loses jurisdiction over the matter, pending the outcome of the appeal. *Kane v. Ford Motor Co.* (1984), 17 Ohio App.3d 111, 116, 477 N.E.2d 662, citing *Vavrina v. Greczanik* (1974), 40 Ohio App.2d 129, 318 N.E.2d 408 (additional citations omitted). However, a notice of appeal only divests the trial court of jurisdiction over that part of the final order, judgment or decree which is sought to be reviewed. *Cramer v. Fairfield Med. Ctr.*, 5th Dist. Fairfield No. 2007 CA 62, 2008-Ohio-6706, ¶ 18, citing *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 158, 347 N.E.2d 552.

**{¶16}** In the case sub judice, as noted in our recitation of facts, the trial court, following a hearing, granted appellant unsupervised visitation via an agreed judgment entry on March 5, 2013; appellant then filed a notice of appeal in apparent reference to said judgment entry of March 5, 2013. This Court thereafter determined that there was no justiciable issue for appellate review, as there was no pending motion for a change of custody subsequent to the August 7, 2012 dismissal of such motion by the trial court. *See Ritchey I* at ¶ 17 - ¶ 18. The assigned error presented to this Court in *Ritchey I* raised issues of custody, allocation of the tax dependency exemption, and guardian ad litem fees. However, the only issue that had been directly ruled upon in the March 5, 2013 judgment entry was visitation. The trial court therein had also directed appellant to provide his 2011 and 2012 W-2 statements to his then-attorney, and had ordered both counsel to submit modification information to the court. Thus, there were no trial court orders modifying child support which could have legitimately been part of the appeal we have designated *Ritchey I*. We therefore find no merit in appellant's present essential

claim that the trial court had been divested of jurisdiction to issue child support orders while *Ritchey I* was under appellate review. *See Cramer*, *supra*.

**{¶17}** Accordingly, appellant's sole Assignment of Error is overruled.

**{¶18}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

JWW/d 1126

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

HEATHER RITCHEY nka MONTGOMERY  :
                                :
          Plaintiff-Appellee    :
                                :
-vs-                            :                    JUDGMENT ENTRY
                                :
ROBERT PLUNKETT                 :
                                :
          Defendant-Appellant   :                    Case No. 2013 CA 00105

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN